(Decided 27th March, 1884.)

---

WILLIAM A. PENNINGTON *vs.* THE PHILADELPHIA, WILMINGTON AND BALTIMORE RAILROAD COMPANY.

*Railroad Company—Excursion ticket—Expulsion of Passenger.*

The appellant purchased of an agent of the appellee at a reduced rate of fare an excursion ticket, to be used, between the stations designated, within three days, including the day of sale. He made the journey in one direction, and after the expiration of the time limited, he attempted to return on the ticket which the conductor declined to receive for his passage, and upon his refusal to pay the fare demanded, he was expelled from the train. In an action against the railroad company to recover damages for such expulsion, it was HELD:

That the plaintiff's rights were limited by the ticket, and he was rightly required to leave the train upon refusing to pay the fare demanded; and after being expelled he had no right to be re-admitted except upon payment of full fare for the whole distance.

APPEAL from Baltimore City Court.

This was an action brought by the appellant to recover damages for being required to leave a train of cars on the railroad of the appellee, between Perryman's Station and the City of Baltimore. The case is stated in the opinion of the Court. The plaintiff presented four bills of exception; the first, second and third were to rulings of the Court (FISHER, J.,) upon questions of evidence, and the fourth was to the Court's rulings upon the prayers offered. The insertion of the exceptions is deemed unnecessary. The verdict and judgment being for the defendant, the plaintiff appealed.

The cause was submitted to ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*George E. Nelson* and *James B. Green,* for the appellant, cited the following authorities:

*Thompson's Carriers of Passengers, p.* 65, *notes, sec.* 1; *Hutchinson on Carriers, sec.* 245; *Lawson on Carriers,* 116, 117; *Rawson vs. Penn. R. R. Co.,* 48 *N. Y.,* 212; *Blossom vs. Dodd,* 43 *N. Y.,* 264; *Brown vs. Eastern R. R. Co.,* 11 *Cush.,* 101; *Quimby vs. Vanderbilt,* 17 *N. Y.,* 313; *Burnham vs. Grand Trunk Railway Co.,* 63 *Maine,* 298; *Wilson vs. Ches. & Ohio R. R. Co.,* 21 *Gratt.,* 676; *Van Buskirk vs. Roberts,* 31 *N. Y.,* 669; *Nelson vs. Long Island R. R. Co.,* 7 *Hun,* 140; *Elmore vs. Sands,* 54 *N. Y.,* 515; *Verner, et al. vs. Sweetzer,* 32 *Penn.,* 208; *Camden & Amboy R. R. vs. Baldauf,* 16 *Penn.,* 78.

*John J. Donaldson,* for the appellee, referred to the following authorities:

*Brehme vs. Adams Express Co.*, 25 *Md.*, 328; *Mc-Clure vs. Phil., Wilm. & Balt. R. R. Co.*, 34 *Md.*, 532; *Freidenrich vs. Balt. & Ohio R. R. Co.*, 53 *Md.*, 201; *Thompson's Carr. of Pass.*, 70, 71, and cases cited; *Burke vs. South Eastern R. W. Co.*, L. R., 5 *C. P. D.*, 1; *Hamilton vs. State, use of Hardesty*, 32 *Md.*, 354; *Birney vs. New York and Washington Telegraph Co.*, 18 *Md.*, 357; *United States Telegraph Co. vs. Gildersleve*, 29 *Md.*, 232: *Swan vs. Manchester and Lawrence R. R.*, 13 *The Reporter*, 590; *O'Brien vs. Boston and Worcester R. R. Co.*, 15 *Gray*, 20; *Nelson vs. Long Island R. R.*, 7 *Hun*, 140; *People vs. Jillson*, 3 *Park., Cr.*, 234; *Hibbard vs. New York and Erie R. R.*, 15 *N. Y.*, 455.

BRYAN, J. delivered the opinion of the Court.

The appellant purchased from a ticket agent of the appellee a ticket of which the following is a copy:

| Excursion Return Check. | PHILA. WILM. and BALTO. R. R. |
| | *(One Continuous Passage.)* |
| | PERRYMAN'S to BALTIMORE. |

In consideration of the reduced rate at which the ticket is sold, it is agreed that it shall be used within three days, including the day of sale, for a continuous trip only, and by such trains as stop regularly at the station, and by its acceptance the purchaser becomes a party to and binds himself to a compliance with these conditions.

(1,723)   GEO. A. DADMUN,
   *General Ticket Agent.*

On the back of the above ticket is the following stamp, to wit:

{ Phila. Wilm. and Balto. R. R. }
{ Dec. 13, 1882. }
{ Baltimore. }

He proceeded in appellee's cars to Perryman's on the thirteenth day of December, 1881, and while attempting to return on the sixteenth day of December, the conductor refused to receive the ticket for his passage and required him to leave the cars. The controversy depends upon the rights acquired by the purchase of the ticket. The plaintiff, at the trial below, offered to prove that before he purchased the ticket, he was informed by the agent, upon inquiry from him, that it was "good until used."

We think that the plaintiff's rights in this regard are limited by the ticket. There is no evidence in the record that the ticket agent was authorized to make any contracts for the railroad company, or that he had any duties beyond the sale and delivery of the tickets. The ticket purchased by the appellant clearly informed him that he would have no right to use it after the fifteenth, and the agent had no authority to vary its terms.

A passenger has a right to be conveyed in the cars of a railroad company without making any special contract for transportation. Upon payment of the usual fare, the company is bound to convey him, and is under all the obligations imposed by law on common carriers, so far as they relate to the transportation of him as a passenger. It is competent to vary these obligations by a special agreement, on valuable consideration, between the passenger and the company. But if the passenger chooses to do so, he may stand on his legal rights, and elect to be carried to his destination without making any special contract. The mere purchase of a ticket does not constitute a contract. Before the ordinary liability of the railroad company can be varied, there must be a consent of the passenger, founded on valuable consideration. The ticket ordinarily is only a token, showing that the passenger has paid his fare. But where the ticket is sold at less than the usual rates, on the condition that it shall not be

used after a limited time, if the passenger accepts and uses the ticket, he makes a contract with the company according to the terms stated, and the reduction in the fare is the consideration for his contract. It is true, he pays his fare before he receives the ticket, but if he has been misled or misinformed by the seller of the ticket, as to its terms, he has a right to return the ticket and receive back his money. The railroad company agrees to carry him at the reduced rate, upon the conditions stated on the face of his ticket; if he agrees to those terms the contract is consummated; but he cannot take advantage of the reduction of the rate and reject the terms on which alone the reduction was made.

In this case the plaintiff made the journey to Perryman's, under the terms mentioned in the ticket. There was evidence that he did not read the ticket. He used it and thereby availed himself of the advantage conferred by the diminished rates. He had an ample opportunity to read it if he had chosen to do so. He could not, on any principle, hold the railroad company to any terms except those stated. If there was a contract, these terms were embraced in it, if there was no contract, he had no right to the reduction in the fare. After availing himself of this reduction, it was too late for him to allege that he did not know on what terms the reduction was made ; when he had an ample opportunity of learning them from the ticket in his possession.

The plaintiff was required to leave the cars at Back River Station, on his journey back to Baltimore from Perryman's. After he had left the cars and while on the platform he offered to pay the conductor his fare from that station to Baltimore, but the conductor refused to give him admission to the cars. The plaintiff had already accomplished a portion of the return journey to Baltimore without paying his fare. He clearly was not entitled to be conveyed from Perryman's to Baltimore without pay-

ing fare for the whole distance.  If he had been carried
from Back River Station to Baltimore, on payment of the
fare only from that place, he would have escaped pay-
ment of a portion of the fare ; and so, in fact, he would
have accomplished the return trip at a reduced rate.  The
company was under no obligation to carry him for less
than the full rate for the whole distance, and so he was
properly excluded from the cars.   The judgment must be
affirmed.

*Judgment affirmed.*

(Decided 27th March, 1884.)