Taft, Circuit Judge,
(after stating the facts.) Counsel for the defendant contends that under the practice in Michigan, where the common-law form of procedure still obtains, the judgment for defendant should not be disturbed, because the gist of plaintiff’s action is breach of contract, whereas he has declared in tort. The objection was raised *199 on demurrer in the court below, and overruled. The reasons of the learned district judge for this ruling are fully set forth in Pouilin v. Railway Co., 47 Fed. Rep. 858. Upon the correctness of the conclusion there reached we do not express an opinion, because we think that, irrespective of the form of action, the court was right in directing a verdict for the defendant on the admitted facts of the case. The contract of carriage between the parties was made by the plaintiff with the city ticket agent of the defendant at Detroit. The terms of that contract were that, in consideration of the fare paid, the defendant company would give to the plaintiff a token or ticket which, upon exhibition to defendant’s conductors or other agents in charge of defendant’s trains, would secure his safe carriage from Detroit to Quebec and back again. The city ticket agent committed a breach of the contract by delivering a token or ticket purporting to entitle the plaintiff to two passages from Detroit to Quebec. The plaintiff had his right of action for all the damages which would naturally flow from such a breach, in the contemplation of the parties when the contract was made. It is possible that, if trespass also lies at the election of the plaintiff, the measure of damages would be somewhat wider. The question is immaterial here. The plaintiff, before he went aboard the train from'which he was ejected, discovered that the agent had made a mistake, and that he had not delivered to him a ticket which on its face entitled him to return from Quebec to Detroit. The law settled by the great weight of authority, and but recently declared in a case in this court, (Railway Co. v. Bennett, 50 Fed. Rep. 496, 1 C. C. A. 544,) is that the face of the ticket is conclusive evidence to the conductor of the terms of the contract of carriage between the passenger and the company. The reason for this is found in the impossibility of operating railways on any other principle, with a due regard to the convenience and safety of the rest of the traveling public, or the proper.security of the company in collecting its fares. The conductor cannot decide from the statement of the passenger what his verbal contract with the ticket agent was, in the absence of the counter evidence of the agent. To do so would take more time than a conductor can spare in the proper and safe discharge of his manifold and important duties, and it would render the company constantly subject to fraud, and consequent loss. The passenger must submit to the inconvenience of either paying his fare or ejection, and rely upon his remedy in damages against the company for the negligent mistake of the ticket agent. There is some conflict among the authorities, but the great weight of them is in favor of the result here stated. Bradshaw v. Railroad, 135 Mass. 407; Townsend v. Railroad, 56 N. Y. 295; Frederick v. Railroad Co., 37 Mich. 342; Shelton v. Railway Co., 29 Ohio St. 214; Dietrich v. Railroad Co., 71 Pa. St. 432; Petrie v. Railroad Co., 42 N. J. Law, 449; Railroad Co. v. Griffin, 68 Ill. 499; Hall v. Railway Co., 15 Fed. Rep. 57; Pennington v. Railroad Co., 62 Md. 95; Johnson v. Same, 63 Md. 106; Mechem’s Hutch. Car. § 580i.
In the opinion of the majority of the court, the plaintiff was bound to know the law, and, when he discovered that his ticket on its face did *200 not secure him carriage from Quebec to Detroit, he was bound to know that the conductor of the defendant would be justified in refusing to recognize it as evidence of his right to such carriage. Could he then incur the risk of expulsion from the train by taking passage with this ticket, and, if expelled, charge his consequent injury and inconvenience to the mistake of the ticket agent? A majority of the court is of opinion that he could not. It matters not whether his action sounds in tort or in contract. If in tort, then the rule is that he cannot recover any damages for an injury growing out of the negligence of the defendant, which, by the use of due care, he might havé avoided. If in contract, then it was his duty to use due diligence to reduce the damages from the breach, and failure to do so prevents recovery for any damages which might by due diligence or care have been avoided. Knowing, as the plaintiff did, that his ticket did not purport to give him a right to be carried on defendant’s train from Quebec to Detroit, and charged, as he was, with the knowledge that this was conclusive evidence of his contract to the conductor, his conduct in getting upon the train at .Quebec with the ticket was negligence as a matter of law, and it was unnecessary to submit the question to the jury. The plaintiff admittedly suffered no injury or inconvenience before he was put off the train west of Montreal. The injury, delay, and other inconvenience, suffered by him from the ejection, he might have avoided by exercising due care. Therefore, if his right of action sounds in tort, as he has laid it, he was entitled to recover no damages. If his right of action was the breach of the contract, as he might have declared it, his damages could only have been nominal.
Much reliance is placed on the fact that plaintiff consulted a person in a ticket office in the station, who told him that he thought the ticket would be all right, and that the conductor would see the mistake. But this person expressly disclaimed any authority to rectify the mistake, by saying that the agent who had such authority was not there. It is said, however, that, without regard to the person’s actual authority, this circumstance ought to have been submitted to the jury, as bearing upon the question whether plaintiff acted with ordinance prudence, and counsel cites, as authority to the point, a railway crossing accident case, where it was held proper to submit to the jury, as affecting the question of requisite caution on the part of the plaintiff in approaching the track, the circumstance that he was beckoned to come on by some one who was apparently the gate flagman, although in fact he was not so. Evans v. Railroad Co., (Mich.) 50 N. W. Rep. 386. There is no analogy between the case cited and the one at bar. The question of the due care of the plaintiff in the accident case depended, of course, upon the seeming situation as it would appear to any ordinarily prudent .man in his position, and, if the man who beckoned had the appearance of a flagman, the plaintiff’s conduct was reasonably prudent in acting on that appearance, or, at least, the circumstance as to the pseudo-flagman was one for the jury to consider in deciding the question of plaintiff’s care, or his want of it. But in this case plaintiff knew from his express statement that the man *201 in the station office was not the station ticket agent of the defendant, and had no authority to act in regard to the mistake of the city ticket agent.
This is not a case, it will be observed, where the terms of the ticket, order to be understood, had to h# read in the light of rules of the company not known to the passenger. Here was no representation by the ticket agent selling the ticket as to the effect of ambiguous language or signs on its face, on which the passenger might rely, as in the case of Murdock v. Railroad Co., 137 Mass. 293. The language of the ticket was plain, and there was no attempt to vary its meaning by any verbal statement by the ticket agent selling it. If there had been, a case would be presented which might call for the application of different principles. Under such circumstances, the passenger would probably have the right to rely on* the representation by the agent that the ticket was all right, as being, in effect, a statement that the rules of the company permitted conductors to receive a ticket, good on its face for passage from one point to another, as good for passage either way between the points. But.here the agent’s act in selling the ticket was, as plaintiff himself admits, a palpable mistake, which plaintiff, when he discovered it, had no right to rely upon as a deliberate representation that the ticket was good for passage from Quebec to Detroit.
The proper course for the plaintiff to have pursued would have been to visit the city ticket office at Detroit, and have the mistake rectified, or he might before his return have obtained a proper ticket in exchange at the ticket office at Quebec, where he spent several weeks; in either case, holding the company responsible for any damages arising from his delay or inconvenience. The contention of counsel for plaintiff is that, if he had taken this course, the company could have made a complete defense on the ground that plaintiff had been advised by the man in the station ticket office that the ticket was all right, and that the delay was unnecessary. We cannot agree to this. The legal effect of the mistake in the ticket would have been full justification for the delay, and the opinion of a person with no authority to act in the premises would have been a poor shield for the railway company in such an action. The case of Eddy v. Wallace, 49 Fed. Rep. 801, 803, 1 C. C. A. 435, relied on by counsel in this connection, was where a passenger jumped off a train on the advice of the brakeman, and was injured. It was left to the jury to say whether, in doing so, he acted with-proper care. The fact that the brakeman advised him to do so was a circumstance tending to show that, in jumping, he acted with prudence. The difference between that case and this, is that there it was within the brakeman’s lawful authority to advise passengers when to alight, while here the advice acted on came from one not only without actual authority, but also without assumed authority. The question is not involved in this case of the rights of a passenger who, relying entirely on the ticket agent, does not examine his ticket, and finds the mistake for the first time when the ticket is presented to the conductor. Such a case might present different considerations.
*202 The circumstance that one of defendant’s conductors allowed the ticket to be used for passage from Quebec to Montreal does not aid plaintiff. The conductor simply did not follow the rules of the company, and thus saved the plaintiff, the greater inconvenience of having to leave the train before reaching Montreal. Even if the conductor did thereby mislead the plaintiff as to what subsequent conductors would do with the ticket, it was not to the plaintiff’s disadvantage. As the conduct of the plaintiff in attempting to ride on a ticket which he knew did not purport to give him a right to do so, was, in our view, negligence, as matter of law, the fact that.a conductor was negligent could not affect the proper standard of due care on the part of the passenger. Dietrich v. Railroad Co., 71 Pa. St. 432. ‘It follows that there was no error in the charge of the court directing a verdict for the defendant, and that the judgment thereon must be affirmed.