C. J. PERCY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1894.

1. **Evidence:** PLEADING: REASONABLENESS OF REGULATION AS TO TRANSFER TICKET. In an action for unlawful ejection from a street car, evidence that a regulation requiring the holder of a transfer ticket to take the other line at the point of transfer, was reasonable and necessary to protect the company against fraud and imposition, is admissible without being specially pleaded, and the admission of such evidence is not a violation of the rule declared in *Northrup v. Insurance Company*, 47 Mo. 435.

Percy v. Street R'y Co.

2. **Street Railways**: REGULATION AS TO TRANSFER CHECK REASONABLE: ACCEPTANCE OF CHECK. A regulation requiring a transfer check is not unreasonable and the passenger must comply with the condition thereof to entitle him to passage; and this is so when the charter of the company provides for passage over two lines for one fare.

3. ————: ————: CONDUCTOR'S DUTY: EJECTING PASSENGER. When a passenger enters the car at a point other than that prescribed by the transfer check which he has accepted, it is the duty of the conductor not to receive the ticket and to require the payment of fare; and if plaintiff refuse to pay, the company can not be held liable for putting him off the train without physical hurt or damage.

*Appeal from the Jackson Circuit Court.*—HON. ED. L. SCARRITT, Judge.

REVERSED.

*James Black* and *Pratt, Ferry & Hagerman* for appellant.

(1) Defendant's instruction for a verdict should have been given. *Woods v. Railroad*, 48 Mo. App. 125, 130; *Heffron v. Railroad*, 52 N. W. Rep. (Mich.) 802; *Pine v. Railroad*, 52 N. W. Rep. (Minn.) 392; *Bradshaw v. Railroad*, 135 (Mass.) 407; *Gale v. Railroad*, 7 Hun, 670. (2) The court erred in excluding the offer of proof from Mr. McCarty; *Woods v. Railroad*, 48 Mo. App. 125.

*Porterfield & Pence* for respondent.

(1) Appellant in its brief entirely ignores the real issue in this case, which is a question of pleading. Defendant's only pleading to the petition was a general denial. Defendant insisted that it should have been permitted to prove its regulations under the general denial. If the lower court was right in excluding evidence of defendant's rules then all of the numerous instructions asked by defendant based upon the rules

were properly refused by the court.    There is one prec-
edent in our  own  reports which we regard as  exactly
in point on this question; the case of *Hicks v. Railroad*,
68 Mo. 329;  Bliss on Code Pleading [2 Ed.], sec. 352,
secs. 327, 330, and cases cited.    Pomeroy's ·Remedies
and    Remedial   Rights,   secs.   657–661.    The   whole
transfer arrangement  was  simply  an  arrangement  or
regulation of the company for the  convenient manage-
ment of its business, and made in pursuance of its duty
to carry and transfer passengers from  one  of its lines
to    another.    The plaintiff   did  not  count  upon  the
transfer   check;   he   made his case  upon  the  petition
without it.    Defendant  introduced it in evidence, or a
check similar to the one received by  plaintiff, over the
objection of  plaintiff, and sought thereby  to prove the
rule or regulation of the  company that the passenger
must enter the defendant's car at the point of  transfer.
We submit that it  had as much right to  introduce evi-
dence  of  an  accord  and  satisfaction,  or  any  other
matter in confession and avoidance, under  the general
denial.    The rule  or  regulation of  the company  was
strictly new matter.    It was an attempt  to prove a fact
which was not included in the  allegations necessary to
the  support  of  the  plaintiff's case.    *Northrup v. Ins.
Co.*, 47 Mo. 435; *Kersey v. Garten*, 77 Mo. 645; *Myer
v. Broadwell*, 83 Mo. 571, 574; *Musser v. Adler*, 86 Mo.
445; *Hyde v. Hazel*, 43 Mo. App. 668, 671.

SMITH, P. J.—This is an  action ᐧby  plaintiff  to
recover of  defendant,  an incorporated street railway
company, damages for the wrongful ejection from one
of its  trains by the conductor thereof.    There was a
trial in  the  circuit  court, resulting in a judgment for
plaintiff, from which defendant has appealed.

The case appears, from the record before us, to  be
something like this:    The defendant, at the time of

the injury complained of, was operating what is known
as the Fifth street line, running from Kansas City, in
the state of Kansas, to Market Square of Kansas City,
in this state.    It also operated another line, known as
the Eighteenth street line, running north on Main
street to Third, and south on Delaware from Third,
crossing the Fifth street line at the intersection of Fifth
and Delaware streets, where there was stationed a
transfer agent, whose duty it was to give transfer
checks to passengers leaving one line to take passage on
the other.    Plaintiff, at some point on defendant's
Fifth street line, took passage on one of its trains and,
on arriving at Fifth and Delaware streets, left the
same and obtained from the defendant's agent stationed
there a transfer check, which on its face provided that
"*this check will be received only from passengers getting
on Eighteenth street line at corner of Fifth and Delaware
streets.*"  The cable on the last named line had temporarily
stopped from some cause, and so plaintiff walked south
three blocks, to Seventh and Delaware streets, where
there was a train standing, which, had the cable been in
motion, would not have been one on which he could
have taken passage, because it had passed Fifth street
before plaintiff reached there.    The plaintiff entered
this train, and almost immediately thereafter it started.
He tendered the transfer ticket to the conductor in pay-
ment of his fare, which was refused.    The conductor
insisted to plaintiff that he could not ride on this
ticket, because he did not enter the train at the corner
of Fifth and Delaware streets.    The conductor further
told plaintiff that he must either pay his fare or leave
the train.    The plaintiff then told the conductor that
he considered the ticket good and that he would not
pay another fare, and that, if he wanted him to leave
the train, he would have to put him off.    The con-
ductor then ejected the plaintiff from the car, using no

more force than was necessary for that purpose. The ejection was not accomplished under such circumstances as indicated malice or wantonness. The question is, whether, on this state of facts, the plaintiff is entitled to recover.

The defendant offered to prove by the defendant's general manager, who had been introduced as a witness by plaintiff, that the only way defendant could protect itself in the operation of its several lines of railway against fraud and imposition was to require that the passenger receiving a transfer ticket should get on the other line at the point of transfer. This offer was rejected, on the ground that the defendant had not pleaded the rule or regulation which it was offered to prove. If plaintiff accepted, as it appears he did, the transfer ticket plainly telling him that he was required to enter the train of the Eighteenth street line at the corner of Fifth and Delaware streets, he was not entitled to take a car on that line at another and different point. By accepting such transfer he so far consented to the regulations of the defendant in respect to the place designated for entering the cars of the line on which the ticket entitled him to ride. *Pine v. Railroad*, 52 N. W. Rep. 392. If there had been any question as to the reasonableness of the regulation, it would have been error to have rejected the defendant's offer. *Woods v. Railroad*, 48 Mo. App. 125. Evidence of the existence of the regulations under which plaintiff accepted the transfer ticket would have tended to disprove plaintiff's entire cause of action, which was for his wrongful ejection from defendant's train. It would tend to show that the transfer ticket on which plaintiff based his right to ride on defendant's train conferred no such right under the peculiar circumstances of the case. Evidence tending to establish such regulation or its reasonableness is admissible in such case without being

specially pleaded. *Logan v. Railroad*, 77 Mo. 663; *Alcorn v. Railroad*, 108 Mo. 81; *Woods v. Railroad*, 48 Mo. App. 125. And to admit such evidence is not violative of the rule declared in *Northrup v. Ins. Co.*, 47 Mo. 435, and the cases that have followed it, for the very obvious reason that such evidence tends to establish facts which are included within the allegations necessary to the support of the plaintiff's case.

We think that it is now fairly well settled that a regulation requiring a transfer check is not unreasonable, and that a passenger must comply with the conditions thereof to entitle him to passage. And this is so when the charter of a railway company provides for passage over two lines for one fare. We can discover nothing unreasonable in the requirement of the defendant's regulation printed on the face of the transfer ticket itself.

It was clearly the duty of the conductor when the plaintiff entered defendant's train at a point other than that of transfer not to receive the ticket and to require the payment of five cents fare, and if the plaintiff failed to make such payment, as he did, then the defendant can not be held liable for putting plaintiff off the train without physical hurt or damage.

It inevitably must follow from this that the circuit court erred in refusing to instruct the jury in effect that the plaintiff was not entitled to recover, and that the judgment must be reversed. All concur.