# SHORTSLEEVES v. CAPITAL TRACTION COMPANY.

STREET RAILWAYS; PASSENGERS; TRANSFERS AND TRANSFER STATIONS;
EVIDENCE; CUSTOM.

1. Where a passenger on a street railway car, after paying his fare, accepts a transfer, it is his duty to comply with the conditions of the transfer, if they are reasonable.
2. Where a street railway passenger holding a transfer boarded a car at a wrong transfer station, and, on demand of the conductor, refused to pay his fare, and, during the dispute between them, the car reached and passed the proper transfer station, and the passenger was then ejected, it was *held*, in a suit by him against the company, that by his refusal to pay his fare he forfeited his right to ride thereafter on the transfer, or to pay his fare and thereafter to remain on the car, or, when ejected, to board the car again and pay his fare and continue to ride as a passenger.
3. Testimony by a witness in a suit against a street railway company, that he had never changed cars at any other point on the route than at one named by him, is inadmissible to prove a custom, and is also inadmissible as evidence that some conductors had violated the regulations of the company.

No. 1693. Submitted October 22, 1906. Decided November 24, 1906.

HEARING on an appeal by the plaintiff from a judgment on a verdict of the Supreme Court of the District of Columbia, in an action to recover damages from a street railway company for the alleged unlawful ejection of the plaintiff from a car of the defendant. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit instituted by the appellant, Frederick Shortsleeves, against the appellee, the Capital Traction Company. The declaration, which is in trespass, charges that the appellant

was unlawfully ejected from one of the appellee's cars on June 17, 1905, by the conductor of the car, who refused to accept a valid transfer which the appellant had received from the conductor of a Pennsylvania avenue car, to the F and G street branch of the appellee. ·The appellee filed two pleas, the general issue and a plea in confession and avoidance, alleging that appellant was ejected from an F and G street car because he boarded it at Fifteenth street and Pennsylvania avenue, and presented for his fare a transfer from the Pennsylvania avenue line, which was not good at that point, and which was good to transfer appellee from the Pennsylvania avenue line at the point of change to the line punched, and the point of change was Seventeenth street at Pennsylvania avenue, Northwest; and the conductor refused to receive such transfer, and demanded the appellant's fare, which the latter refused to pay; whereupon the conductor, using no more force than was necessary, removed the appellee from the car. Upon the first plea issue was joined, to the second a replication *de injuria* was filed, and upon it issue was joined.

After trial the verdict of the jury was for the appellee, and from judgment rendered thereon the appellant took this appeal.

The appellee's Pennsylvania avenue line starts at the Navy Yard, goes along Eighth street, Southeast, to Pennsylvania avenue, and then follows this avenue to Georgetown, where it runs along M street to Thirty-sixth street. The appellee's line called the F and G street line, starts from the eastern end of Pennsylvania avenue and goes along the avenue to Seventeenth street, Northwest; thence along Seventeenth street to G street; along G street to Twenty-fifth; along Twenty-fifth street to Pennsylvania avenue; and thence runs on that line to Thirty-sixth street. Going westward from Eighth street, Southeast, the two lines use the same tracks on Pennsylvania avenue as far as Seventeenth street, Northwest, and this avenue, and from Twenty-fifth street and the same avenue to the end of the route.

To persons wishing to transfer from a Pennsylvania avenue car a green transfer is given, which states on its face that

it is "good for transfer of one passenger from Pennsylvania avenue line at point of change to the line punched, and until time canceled in margin. Subject to the rules of the company."

On June 17, 1905, appellant was a passenger traveling westward from the Navy Yard, on a Pennsylvania avenue car. About Twelfth street, the conductor gave him a green transfer for the F and G street line, which was punched on the line in the transfer reading, "To Seventeenth street at Pa. avenue." He left the car at Fifteenth street and the avenue, and boarded an F and G street car, which happened to be the next car going westward. Where Fifteenth street and New York and Pennsylvania avenues meet is the proper transfer point from cars running west on Pennsylvania avenue to the Fourteenth street line, and *vice versa,* and Seventeenth street is the proper transfer point to an F and G street car for one going westward on a Pennsylvania avenue car; and, as we have said, the green transfer received by the appellant was punched on the line reading, "To Seventeenth street at Pa. avenue."

The facts stated are undisputed. The appellant and the conductor differ as to what followed. According to the appellant, the conductor did not ask him for his fare until the F and G street car, whereon he was riding, reached Seventeenth street. He then proffered the green transfer, and he was told by the conductor that it was not good, and that he would have to pay a fare or be put off. Some argument between them consumed time, and the car had run from Seventeenth into G street before the appellant was ejected by the conductor. While the appellant was on the car he told the conductor he had money and tickets. According to the conductor, he asked the appellant for his fare just as the car was turning the curve at Fifteenth street and New York avenue, opposite Riggs bank, and the car was a two-minute run distant from the Seventeenth street transfer station. Appellant proffered the green transfer, and the conductor told him it was not good at that junction, and that he would have to pay a fare or get off. He refused to do either, and the conductor continued talking with him, trying to get his fare, all the

way to Seventeenth street. When finally he refused to pay or get off, the conductor pulled the bell to stop when the car got down on Seventeenth street. It stopped around the corner on G street, opposite the Mills building, and the motorman went back to the appellant, who, saying he wanted to see what was right, got off. The conductor did not get the transfer from the appellant, and didn't look to see how it was punched, as it was a Pennsylvania avenue transfer. He ejected the appellant because he had not paid his fare from Fifteenth to Seventeenth street. Under the court's instructions, the verdict was for the appellee, as we have said.

*Mr. J. Jerome Lightfoot* and *Mr. S. M. Brosius,* for the appellant:

1. Ambiguous clauses in contracts are construed most strongly against the party using them. That portion of the transfer ticket delivered to the appellant, which reads, "To Seventeenth street," may reasonably be construed to mean "To the F and G street line," or to "A car going along Seventeenth street and G street;" and the words, "At Pennsylvania avenue" may reasonably be construed to mean "anywhere on Pennsylvania avenue." So that a reasonable construction of the transfer ticket would be, "To the F and G street line anywhere on Pennsylvania avenue." Lawson, Contr. sec. 389. Construction most favorable to passenger preferred in determining meaning of ticket. Baldwin, Am. Railway Law, p. 291. Construction liberal in favor of public if issued in pursuance of a special corporate duty. *Indiana R. Co.* v. *Hoffman* (Ind. App.) 69 N. E. 402.

2. The appellant was not presumed to know or required to understand the many words, figures, symbols, spaces and abbreviations on the transfer ticket. *Erie R. R. Co.* v. *Winter,* 143 U. S. 69; *Scofield* v. *Pennsylvania Co.* 112 Fed. 855; *Hufford* v. *R. Co.* 64 Mich. 631, 31 N. W. 544; *Ellsworth* v. *C. B. & Q. R. Co.* (Iowa) 63 N. W. 587; *Lawshe* v. *Tacoma R. & Power Co.* 70 Pac. 118; *Indianapolis St. R. Co.* v. *Wilson,* 66

N. E. 951; *R. Co.* v. *Rather,* 21 S. W. 951; *Dagnall* v. *Southern R. Co.* 48 S. E. 97; *O'Rourke* v. *Citizens R. Co.* 52 S. W. 872; *Trice* v. *C. & O. R. Co.* 21 S. E. 1022; *Amback* v. *N. Y. Cent. R. Co.* 42 Am. Rep. 293.

3. By-laws are void that are unreasonable and oppressive and contrary to the laws of the land and general public policy. Wood's Field Law of Corporations, secs. 263, 268, and cases cited; Potter, Corporations, sec. 28. The appellant was provided by the appellee with a proper transfer ticket, the validity of which is admitted by appellee, and "was good," and similar to transfers accepted from other passengers in payment of fare for the ride from the Seventeenth street junction and transfer point with Pennsylvania avenue over the F and G street line, and was evidence of the contract entered into between the appellant and appellee. The appellant was upon the proper car and within the time limit. A by-law impairing the obligations of contracts is void. Angell & A. Corporations, sec. 333, and cases cited; Potter, Corporations, sec. 82. A by-law cannot be enforced by avoiding any bond or covenant made in contravention of it, or by disfranchising the offender. Angell & A. Corporations, sec. 362, and cases cited; Potter, Coporations, secs. 81, 82. The general mode of enforcing the penalty of a by-law is by bringing an action of debt or assumpsit to recover it. Angell & A. Corporations, sec. 363, and cases cited; Potter, Corporations, sec. 82.

4. The contract (evidenced by the transfer ticket) could not be avoided by the appellee, after starting the car from the junction and transfer point at Seventeenth street on Pennsylvania avenue going over the F and G street line, by reason of the fact that the appellant had not paid the additional fare demanded of him by appellee for the ride from Fifteenth to Seventeenth streets on Pennsylvania avenue, which was at the time of ejection of appellant a past and completed transaction. When ejected the appellant was entitled to ride on his transfer ticket, which in any event was good from the transfer point at Seventeenth street on Pennsylvania avenue. "At most, the appellant was a debtor to the appellee for the amount of his fare, and that debt could be enforced against him by the same remedies which

any creditor has against his debtor." *Lynch* v. *Metropolitan Elev. R. Co.* 90 N. Y. 77; Elliott, Railways, p. 2508 (4).

5. The contract to carry the appellant over the F and G street line cannot be infringed or impaired by any rule of the appellee, or by any mistake or default of its servants. In any case the appellee should have ejected appellant between Fifteenth and Seventeenth streets, where it claims appellant was not entitled to ride on his transfer ticket. *Com.* v. *Power* (Mass.) 41 Am. Dec. 475, 66 N. E. 960. The appellee, by its failure to eject the appellant between Fifteenth and Seventeenth streets on Pennsylvania avenue, waived its alleged right to eject him anywhere, since the appellant had a valid transfer ticket over the F and G street line, acknowledged by appellee to be good from the Seventeenth street transfer point over the latter line. 29 Am. & Eng. Enc. Law, p. 1105 (2) and cases cited; *Pence* v. *Langdon,* 99 U. S. 578; Nellis, Street Surface Railways, 432, 441. The appellee admits that the ejectment of appellant was not because he did not have a valid transfer ticket for the ride he was taking when ejected, but claims and admits that the appellant was ejected because he had not paid his fare for the ride taken from Fifteenth to Seventeenth streets on Pennsylvania avenue. Appellee cannot violate its contract, evidenced by the transfer ticket. *O'Rourke* v. *R. Co.* 52 S. W. 872; *Lawshe* v. *Tacoma R. Co.* 70 Pac. 118; *Erie R. R.* v. *Winter,* 143 U. S. 75; *Frederick* v. *M. H. & O. R. Co.* 37 Mich. 342.

*Mr. R. Ross Perry, Mr. R. Ross Perry, Jr.; and Mr. G. Thomas Dunlop,* for the appellee:

1. There is no pretense in the testimony that appellant was given a transfer other than he asked for, or that he was told the transfer point was other than that punched or indicated on the transfer. Had such been the case, he would yet have been unable for that reason to maintain an action of trespass for ejection, under the decisions of this court. *Baggett* v. *B. & O. R. R.*

*Co.* 3 App. D. C. 522; *Crowley* v. *R. R. Co.* 185 Mass. 279; *Brown* v. *R. R. Co.* (Mich. 1903) 96 N. W. 925; *Garrison* v. *R. R. Co.* 97 Md. 347; *Schaun* v. *R. R. Co.* 97 Md. 563; *R. R. Co.* v. *Stocksdale,* 83 Md. 245; *Kiley* v. *R. R. Co.* 189 Ill. 384; *Hancock* v. *R. R. Co.* (Ky. 1905) 85 S. W. 210; *Parish* v. *R. R. Co.* 90 N. Y. S. 1000; *R. R. Co.* v. *Hardesty,* 94 Md. 666; *Yorton* v. *R. R. Co.* 54 Wis. 234; *Petrie* v. *R. R. Co.* 42 N. J. L. 449; *Percy* v. *R. R. Co.* 58 Mo. App. 75; *Poulin* v. *R. R. Co.* 52 Fed. 198; *Bradshaw* v. *R. R. Co.* 135 Mass. 407.

2. A passenger can be properly ejected from a car for non-payment of past fare though tendering fare from place of ejection. *Pennington* v. *R. R. Co.* 62 Md. 95; *Manning* v. *R. R. Co.* (Ala.) 16 L.R.A. 55; *Swan* v. *R. R. Co.* 132 Mass. 116; *Stone* v. *R. R. Co.* 47 Iowa, 82; *R. R. Co.* v. *Adams,* 60 Ill. App. 571. No authorities to a contrary effect have been found by counsel. Even if any court had held that a person after being expelled had a right to continue upon the same car by getting on afresh, and making a new contract by tendering a valid fare or transfer, yet the appellant in the present case made no effort to re-enter the car. It should also be remembered that the appellant while on the car told the conductor that he had both money and tickets.

3. The fact that appellant never changed anywhere else than at Fifteenth and G Streets does not prove a custom. It is not even attempted to be shown that any F and G street line conductor ever took from him a Pennsylvania avenue transfer before the car got to Seventeenth street, or knew that he go on the car before the proper transfer junction was reached. Even had this been shown, the question and answer would still have been incompetent without proving a waiver of the conditions of the transfer by the proper officers of the company. *Hill* v. *R. R. Co.* 63 N. Y. 101, 104; *Johnson* v. *R. R. Co.* 46 N. H. 213, 222. The fact that invalid tickets or transfers had been accepted by other conductors, even if shown, would have no probative force. *Hill* v. *R. R. Co.* 63 N. Y. 101, 104; *Brown* v. *R. R. Co.* (Mich. 1903) 96 N. W. 925; *Schaun* v. *R. R. Co.*

97 Md. 563; *R. R. Co.* v. *Hardesty,* 94 Md. 666. Custom must be uniform, certain, definite, and known, or so notorious that it would have been known to any person of reasonable prudence who dealt with its subject with the exercise of ordinary care. *R. R. Co.* v. *Lindeman,* 143 Fed. (Circuit Court App. 8th Circuit), 946 (advance sheets), quoting several U. S. Supreme Court and other cases.

Mr. Justice McComas delivered the opinion of the Court:

The main assignment of error was the refusal of the court to grant four instructions asked by the appellant.

The appellant paid his fare and accepted a green transfer, which on its face was good for his transfer from the Pennsylvania avenue line at the point of change, Seventeenth street and Pennsylvania avenue, to the F and G street line, and the green transfer was punched on the line thereon reading, "To Seventeenth street at Pa. avenue." It was his duty to remain on the Pennsylvania avenue line car until he reached Seventeenth street. He had no right to leave the car at Fifteenth street and the avenue, and to board an F and G street car. The transfer he accepted limited his right to board an F and G street car at Seventeenth street.

The verdict of the jury, under the charge of the court below, establishes the fact that the conductor of the F and G street car refused to take the transfer, and demanded that the appellant pay a fare, and told him he must pay a fare or get off, and that this occurred before the transfer junction at Seventeenth street had been reached, and by that time the appellant had forfeited his right to ride upon the transfer from the junction westward. The conductor was justified in ejecting the appellant, who had proffered only the transfer, which gave him no right to ride on that car between Fifteenth and Seventeenth streets on Pennsylvania avenue. The transfer, like a railroad company's ticket, is the evidence of the passenger's right to ride. When the conductor gave the appellant reasonable time and op-

portunity to pay the fare, and the passenger had persistently re-
fused to comply, and during the altercation the car had reached
the junction point where the transfer ordinarily became a token
of the holder's rights to be transported on the same F and G
street car, and the conductor had not stopped the car before it
had turned the corner of G street in front of the Mills building,
the appellant by that time had forfeited his right as a passenger
upon such transfer, and had, indeed, forfeited his right to pay
the fare which the conductor had before demanded. His ejec-
tion could be completed even if he had then tendered the per-
formance demanded. In this case it is clear that the face of
the transfer was conclusive evidence to the conductor of the
terms whereon he was to carry the passenger. The passenger
was bound to know that the conductor would be justified in re-
fusing to recognize this transfer, which was only good for his
transfer from the Pennsylvania avenue line car at Seventeenth
street, and not until that junction was reached. The conductor
did not use violence, but persisted in demanding a fare until the
transfer point had been reached and passed, but the conductor
had no authority to waive the condition of this contract, while
this passenger by his refusal to pay a fare had forfeited the right
to ride thereafter on the transfer, or to pay a fare and thereafter
remain on the car, or, when ejected, to board the car again and
pay a fare and continue thereon as a passenger. The passenger's
right to transportation is no greater than the right and duty of
the conductor to enforce reasonable rules in order to prevent the
company from being defrauded. After the conductor's refusal
to take the transfer, which gave this passenger no right to ride
on this F and G street car until it reached Seventeenth street,
and after this passenger had refused to pay a fare, the conductor
had a right to eject him.

The necessary conclusion is that the appellant cannot main-
tain this action against the appellee for the act of its conductor
in putting him off the car. *Garrison* v. *United Railways &
Electric Co.* 97 Md. 353, 99 Am. St. Rep. 452, 55 Atl. 371;
*Poulin* v. *Canadian P. R. Co.* 17 L.R.A. 800, 3 C. C. A. 23, 6

U. S. App. 298, 52 Fed. 199; *Pennington* v. *Philadelphia, W. & B. R. Co.* 62 Md. 98; *Boylan* v. *Hot Springs R. Co.* 132 U. S. 146, 150, 33 L. ed. 290, 293, 10 Sup. Ct. Rep. 50; *State* v. *Campbell,* 32 N. J. L. 312; *Mosher* v. *St. Louis, I. M. & S. R. Co.* 127 U. S. 390, 393–396, 32 L. ed. 249, 250, 251, 8 Sup. Ct. Rep. 1324; *Baggett* v. *Baltimore & O. R. Co.* 3 App. D. C. 522; *Swan* v. *Manchester & L. R. Co.* 132 Mass. 120, 42 Am. Rep. 432; *Bradshaw* v. *South Boston R. Co.* 135 Mass. 410, 417, 46 Am. Rep. 481; *Manning* v. *Louisville & N. R. Co.* 95 Ala. 392, 16 L.R.A. 55, 36 Am. St. Rep. 225, 11 So. 8; *Stone* v. *Chicago & N. W. R. Co.* 47 Iowa, 82, 29 Am. Rep. 458; *O'Brien* v. *Boston & W. R. Co.* 15 Gray, 23, 77 Am. Dec. 347.

The right to collect and receive fares follows from the circumstance that the passenger enters the car for the purpose of being carried therein. When, having paid the fare and having ridden on the car, thereafter he accepts a transfer, it is the passenger's right to travel thereon, but it is his duty to conform to the plain conditions of the transfer, when they are reasonable. When the appellant accepted the transfer requiring him to leave the Pennsylvania avenue line car and to enter the F and G street car at Seventeenth street, he consented to the regulation of the appellee designating the junction where he should alight from the Pennsylvania avenue line car and should board the F and G street line car. It is now settled that a regulation requiring a transfer is not unreasonable, and that a passenger must comply with the conditions thereof to entitle him to passage. And this is so when the law requires and the company provides for passage over two lines for one fare. If the passenger with the transfer wishes to alight at a junction usually overcrowded, instead of at the junction required by his ticket, where such transfer may be more convenient and safe, such a regulation is not unreasonable. *Percy* v. *Metropolitan Street R. Co.* 58 Mo. App. 79; *Crowley* v. *Fitchburg & L. Street R. Co.* 185 Mass. 280, 70 N. E. 56. The court below so characterized the regulations respecting transfers in this instance, and no exception was taken to the charge of the court.

It follows from what we have said that the court committed no error in refusing the four instructions asked by the appellant. Each of them stated the law quite differently from the prior rulings of this court. The charge of the learned court below was as favorable to the appellant as it should have been, and in one particular more so.

There remains one exception to the court's refusal to admit testimony. The appellant, without more, sought to prove by himself that he never changed cars on this route anywhere else but at Fifteenth street. The court properly refused to admit this testimony. This evidence does not tend to prove a custom. A custom must be certain, uniform, definite, and known. *Chicago, M. & St. P. R. Co.* v. *Lindeman,* 143 Fed. 949. Merely as evidence that some conductors had violated reasonable regulations, such testimony was not admissible. It would not tend to prove a waiver of conditions on the part of the proper officers of the company. *Johnson* v. *Concord R. Corp.* 46 N. H. 224, 88 Am. Dec. 199. This testimony was really immaterial, and needs no further discussion.

The judgment of the court below must be *affirmed,* with costs, and it is so ordered.