CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v.
WATKINS.

## Opinion delivered April 12, 1915.

1. RAILROADS — PAYMENT OF FARES — REASONABLE REGULATIONS. — The regulation by which railroads, where passengers are found on their trains, who have no tickets or passes, requiring such passengers to pay fare not only for that part of the route to be traveled, but also for that part already passed over, is a reasonable one.

2. RAILROADS—EJECTION OF PASSENGERS—FAILURE TO PAY FARE.—Where a passenger has been lawfully ejected from a railway train for nonpayment of fare, he can not demand to be carried forward on the same train without paying the disputed fare, and the purchase of a ticket at the point of ejection will not entitle him to readmission to the train.

3. RAILROADS—PASSENGERS—REFUSAL TO PAY FARE.—A passenger, riding on a railway train, without a ticket or a pass, can not recover damages for being ejected from the train, when he tenders the fare or buys a ticket for that portion of the journey only to be passed over, but refuses to pay for that portion already traveled.

Appeal from Prairie Circuit Court, Southern District; *Eugene Lankford,* Judge; reversed.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

Appellant was entitled to a peremptory instruction. Appellee having rightfully been ejected from the train at Hazen, because of his refusal to pay fare except from that point on to his destination, could not create a new contract by purchasing a ticket at Hazen and ignore the implied contract he entered into by boarding the train at Brinkley. 47 Ia. 82; 29 Am. Rep. 458; 16 L. R. A. 55; 132 Mass. 116; 42 Am. Rep. 432.

No brief filed for appellee.

HART, J. Appellee sued appellant for damages for alleged wrongful ejection from its train. Appellee, J. L. Watkins, lived in Little Rock and in July, 1914, got a pass over appellant's line of railroad to Brinkley to become a brakeman between that point and Memphis. After he had made a few trips on the local freight train the conductor told him that he did not need him any longer. This occurred at Brinkley. Appellee wired to Little Rock for a pass home. While he was waiting for

an answer to his message a passenger train came along on its way to Little Rock and appellee boarded the train. When the auditor came around to collect his fare he told him the circumstances detailed above. The auditor wired to Little Rock to see if he could obtain a pass for him and the dispatcher wired back that appellee should have waited at Brinkley to get a pass and instructed the auditor to eject him from the train if he did not pay his fare. Appellee refused to pay his fare, and when the train arrived at Hazen the conductor told him to get off the train. Appellee then offered to pay his fare from Hazen to Little Rock but the conductor and auditor of the train refused to receive it unless he would pay the fare from Brinkley to Little Rock, and ejected him from the train. Appellee then went to the ticket agent at Hazen and bought a ticket from that place to Little Rock and again attempted to enter the train but was not permitted to do so. Appellee did not offer to pay his fare from Brinkley to Hazen but, on the contrary, refused to do so.

Under the rules of the company the conductor or auditor were not allowed to permit appellee to ride unless he paid the full fare from the point where he got on the train to the point of destination. The jury returned a verdict in favor of appellee in the sum of $50 and to reverse the judgment rendered appellant has prosecuted this appeal.

Section 6591 of Kirby's Digest, provides that if any passenger shall refuse to pay his fare it shall be lawful for the conductor of the train to put him out of the car at any usual stopping place the conductor may elect. According to the undisputed testimony the appellee got on the train at Brinkley to go to Little Rock. He had no ticket or pass and refused to pay his fare. Under the statute above referred to the conductor had a right to eject him from the train at Hazen which was a usual stopping place. The appellee then bought a ticket from Hazen to Little Rock and attempted to board the same train to be carried to Little Rock but the conductor and train auditor refused to permit him to ride on the train

because under the rules and regulations of the company he was required to pay fare from the point where he entered the train to the point of destination and, having refused to pay fare from Brinkley to Little Rock, they would not permit him to again embark on the train at Hazen.

(1)   The regulation by which railroads, when passengers are found on their trains who have no tickets or passes, requiring such passenger to pay fare not only for that part of the route to be traveled but also for that part already passed over, is a reasonable one. *Manning* v. *Louisville & Nashville Rd. Co.*, (Ala.) 16 L. R. A. 55.

(2)   Where a passenger has been lawfully ejected from a railway train for nonpayment of fare he can not demand to be carried forward on the same train without paying the disputed fare and his purchase of a ticket at the point of ejection will not entitle him to readmission to the train. *Stone* v. *C. & N. W. Ry. Co.*, 47 Iowa 82, 29 Am. Rep. 458.

(3)   When the train auditor demanded of appellee the fare from Brinkley to Little Rock appellee refused to pay him and told him that he would pay him from Hazen to Little Rock. It is apparent that appellee having got on the train at Brinkley would not be entitled to ride to Little Rock by tendering the fare from Hazen to Little Rock, and his purchase of a ticket from Hazen gave him no greater rights than his tender of the fare from Hazen to Little Rock.

In the case last cited the court, in discussing a precisely similar situation said: ''The purchase of a ticket from the ticket agent would give him no greater rights. For under such a ticket he would be claiming the same rights under the same state of facts upon which he would not be entitled to them had he dealt alone with the conductor. The fact that he made use of an agent of the company other than the conductor can not enlarge his rights or change the legal aspect of the case. It must be that the transaction with the agent was a mere continuation of the transaction with the conductor.''

To the same effect see *Swan* v. *Manchester & Lawrence Rd. Co.*, 132 Mass. 116, 42 Am. Rep. 432; *Phillips* v. *Atlantic Coast Line Rd. Co.* (S. C.) 73 S. E. 75; *Pickens* v. *Richmond & D. R. Co.*, (N. C.) 10 S. E. 556; *Pennington* v. *Philadelphia, Wilmington & Balt. Rd. Co.*, 62 Md. 95; *Gulf Coast & S. F. Ry. Co.* v. *Riney*, (Tex. Civ. Ct. Appeals), 92 S. W. 54.

It follows that the court should have directed a verdict for the appellant and for its refusal to do so the judgment must be reversed; and, inasmuch as the facts have been fully developed, the cause of action will be dismissed.