COMMONWEALTH *vs.* FRED S. JONES.

Worcester.   October 3, 1899. — October 19, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Street Railway — Reasonableness of Rule as to Transfers — Statute — Fraudulent Evasion of Fare.*

A rule of a street railway corporation operating several lines over different streets of a city, to furnish transfers, which it is required by law to give, only at the end of one of its lines, for passage to a suburb by another line, which, on the way to such suburb, passes over a portion of the same route, does not appear to be unreasonable, and a passenger is bound by it.

It is not necessary, in order to convict a passenger on a railway car of a fraudulent evasion of fare, under Pub. Sts. c. 112, § 197, to show moral turpitude in such act of evasion.

If a passenger on a street car running upon one of several lines of railway in a city owned by a corporation required by law to give transfers from one line to another in such a way as to make the rate of fare not more than five cents for a continuous ride over one or more of its lines, offers his fare to the conductor and demands a transfer before reaching the point at which by a rule of the corporation with which he is familiar such transfers are furnished, and the conductor informs him that he must pay his fare then and will get his transfer at the usual place, and he refuses to pay his fare unless he can have the transfer then, and leaves the car without paying his fare, he may be convicted of a fraudulent evasion of fare, under Pub. Sts. c. 112, § 197, although he afterwards takes another car and pays the usual fare for riding on that, and if he had conformed to the rules of the corporation he could have obtained a continuous ride over the route covered by both cars on payment of a single fare.

COMPLAINT, under Pub. Sts. c. 112, § 197, for a fraudulent evasion of the payment of fare on a street railway in Worcester.

At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict of guilty ; and the defendant alleged exceptions. The facts appear in the opinion.

*W. A. Gile*, for the defendant.

*R. Hoar*, District Attorney, for the Commonwealth.

KNOWLTON, J.   The Worcester Consolidated Street Railway Company is the proprietor of electric railway lines over different streets of the city of Worcester, and is required by law to give transfers from one line to another in such a way as to make the rate of fare not more than five cents for a continuous ride over one or more of its lines.   The defendant, with a companion, took a car at Newton Square, which passed down Main Street by the foot of Pleasant Street to Lincoln Square.   Cars of another line come from Front Street into Main Street, and also pass down Main Street from Pleasant Street to Lincoln Square, and thence to Greendale.   Many of the shops and principal places of business are situated on Main Street between Pleasant Street and Lincoln Square, and are passed by the cars of both lines.   It is a rule of the corporation to furnish transfers at Lincoln Square to passengers on the line from Newton Square who desire to go to Greendale, and the defendant knew of this rule.   When the conductor came for his fare he held up a bank bill and said, " I pay two fares and I want two transfers to Greendale, and I want them now."   The conductor replied, " You pay your fares now, and you know you will get your transfers when you get to the proper place, at the end of the line."   The defendant refused to pay his fare unless he could have his transfers then, his purpose apparently being to obtain a transfer which would enable him to take the car of the Greendale line at the foot of Pleasant Street, or at any other point between Pleasant Street and Lincoln Square, and he left the car at the foot of Pleasant Street without paying his fare.   He afterwards took the Greendale car and paid the usual fare of five cents for riding on that.   The defendant asked the court to rule that " he could not be convicted of a fraudulent evasion of fare under the statute ; " also, that if he " tendered his fare and demanded a transfer to a connecting line where the street railway was obliged to carry him by its charter, and the defendant in good faith made the tender on one of those lines and paid it on the other, he cannot be con-

victed of a fraudulent evasion of fare under the statute." The court declined so to rule, and submitted the case to the jury under instructions, and the defendant excepted.

There is nothing to show that the rule of the corporation was not a reasonable one, and the defendant was bound by it. Pub. Sts. c. 113, § 30. *Swan* v. *Manchester & Lawrence Railroad*, 132 Mass. 116. *O'Neill* v. *Lynn & Boston Railroad*, 155 Mass. 371, 373. It may be that the Greendale cars were more likely to be crowded when passing from Pleasant Street through Main Street than cars from Newton Square, and that for this reason the corporation required passengers for Greendale on the Newton Square cars to take that part of their ride before changing cars. It may be that if transfers were given at the foot of Pleasant Street, passengers on the Newton Square cars who wished to go to the central part of Main Street to do business there, and then to go on to Greendale, would obtain a transfer as for a continuous ride, and after doing their business would use it between Main Street and Greendale instead of paying a fare for each ride as they should do, or there may be other reasons for the rule.

The defendant contends that the statute does not contemplate a conviction unless there is moral turpitude in the evasion or attempt to evade. But we think that the statute goes further. It specifies acts, the commission of either of which shall constitute an offence. One is guilty who evades or attempts to evade " either by giving a false answer to the collector of the toll or fare, or by travelling beyond the point to which he has paid the same, or by leaving the train or car without having paid the toll or fare established for the distance travelled, or otherwise." Pub. Sts. c. 112, § 197. One who wilfully or intentionally does either of these things is within the meaning as well as the language of the statute. *Commonwealth* v. *Goodwin*, 122 Mass. 19, 35. The defendant, in wilful defiance of the corporation, knowing the rule and presumably knowing the law, left the car without having paid the fare established for the distance travelled. That he afterwards entered another car and paid the fare prescribed for his ride upon that, and that if he had conformed to the rules of the corporation he could have obtained a continuous ride over the route covered by both cars on payment of a single fare, are facts which are immaterial.

*Exceptions overruled.*