JONATHAN B. DIXON *vs.* NEW ENGLAND RAILROAD
COMPANY.

Suffolk.   November 23, 1900. — June 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Evidence,* Declarations of deceased person, Rules of railroad company competent, how
proved, Materiality of good faith.  *Carrier,* Of passengers.  *Railroad,* Nature of
ticket, Duties of conductor.  *False Imprisonment,* General denial.  *Pleading,*
In tort, Justification, General denial.  *Practice, Civil,* Exceptions, Rulings.

On an exception to the admission of the declarations of a deceased person under
St. 1898, c. 535, if it appears that the declarant was dead at the time of the trial,
the admission of the evidence shows that the presiding judge was satisfied that
the declarations were made in good faith before the beginning of the suit and
upon the personal knowledge of the declarant.

In an action by a passenger against a railroad company for alleged unlawful arrest
of the plaintiff on the charge of evading the payment of fare, evidence of the
rules of the defendant as to punching tickets and as to allowing passengers to
stop over and the use of stop-over checks is admissible.

Rules of a railroad company in regard to the collection of tickets are not records
and are sufficiently identified if it is shown that they were issued by those who
conduct the business of the company for the government of its servants.  The
sufficiency of identification is a question for the presiding judge upon which his
finding is conclusive, unless all the evidence is reported and the finding is not
warranted by it.

It is not correct to say, that a railroad ticket is only a symbol of the contract be-
tween the company and the passenger and a piece of evidence showing what
the real contract is.  A railroad ticket may be more than a symbol, and it may
not show what the real contract is.  Per BARKER, J.

A request for a ruling sound in law should be refused if upon the evidence as it
stands the ruling would have a tendency to mislead the jury.

A passenger may have a right to transportation between two stations on a railroad
because of his purchase of a certain ticket, and yet if the ticket itself is not in
order, a conductor is not bound to take it in payment of fare.

In an action by a passenger against a railroad company for alleged unlawful arrest
of the plaintiff on the charge of evading the payment of fare, it appeared, that
the plaintiff, without obtaining a stop-over check, got off at a station after his
ticket, which entitled him to travel to a station beyond, had been punched twice
by the conductor.  He took the next train to continue his journey and offered
the same ticket which the conductor of that train refused to accept.  It was
shown, that, under the rules of the railroad, the punching of the ticket twice by
the first conductor cancelled it and made it unreceivable for passage on another
train.  *Held,* that on these facts it was right to instruct the jury, as matter of
law, that under the circumstances the ticket was not good for the plaintiff's pas-
sage on that train at that time, and that it was not a ticket that the conductor
was obliged to take in payment of fare.

In an action by a passenger against a railroad company for alleged unlawful arrest of the plaintiff by a police officer at the request of a conductor of the defendant, on the charge of evading the payment of fare, the defendant introduced evidence that the conductor, having come with the plaintiff into the presence of the police officer, demanded payment of the fare, which the plaintiff refused in the police officer's presence, that the police officer examined the ticket and said it was not good because it was punched, that the conductor then again demanded payment of the fare, which the plaintiff again refused, and that the police officer thereupon arrested the plaintiff. The plaintiff asked for a ruling, that the question of the good faith of the police officer in making the arrest, as testified to in the case, was not an element to be considered by the jury in determining the case. This ruling was refused. *Held,* that the refusal was right. The jury could find that the conductor did not himself assault or arrest the plaintiff and that his words and acts were not a direction to make the arrest, but a demand that the officer should exercise the jurisdiction which the statute had given him, and that the officer made the arrest upon his own authority and judgment in view of what he himself had seen and heard, and upon this aspect of the case the good faith of the officer and his belief, that a fraudulent evasion of fare had been consummated under his own eyes, could not be said to be immaterial. *Held, also,* that although the answer in this case was a general denial and did not set up the defence of a justification, which always must be pleaded, yet the evidence above stated in regard to the acts of the police officer was admissible, not merely in mitigation of damages, but could be considered upon the question whether the arrest was the act of the police officer alone, and, if this was found by the jury to be the fact, it was a defence, because in that case the allegations that the wrongs were done by the defendant and its officers were not proved.

In an action for trespass to the person, where assault and unlawful arrest and imprisonment are alleged, and the defence is a general denial not setting up a justification, whether the allegation in the declaration that the arrest and imprisonment were unlawful makes it an issue whether the arrest if proved was unlawful, *quære.*

A general exception " to the foregoing instructions" following nearly four printed pages of a judge's charge, dealing with different aspects of the case, in which no error was called to the attention of the judge at the trial, must be overruled.

TORT for an alleged assault upon and unlawful arrest and imprisonment of the plaintiff on July 28, 1896, at Waterbury, in the State of Connecticut. Writ dated September 14, 1896.

At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the defendant, and the plaintiff alleged exceptions, which are described in the opinion of the court as also are the evidence and rulings to which they relate.

*S. K. Hamilton,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

BARKER, J.    The plaintiff after having ridden upon one of the defendant's passenger trains from Bristol, Connecticut, to Waterbury was there arrested for fraudulent evasion of fare,

and brought this action. The declaration alleges that the defendant by its agents, officers and servants assaulted the plaintiff, caused him to be arrested and imprisoned wrongfully and unlawfully and kept him so imprisoned and deprived of his liberty for the period of twenty-four hours. The answer denies each and every allegation of the declaration.

The defendant was operating a line from Boston to the State of New York formerly owned and operated by the New York and New England Railroad Company. On July 27, 1896, according to the plaintiff's testimony he bought of a broker at Boston a ticket which had been issued by the New York and New England' Railroad Company which read "from Waterbury to Hartford", and then bought at the defendant's Boston station a ticket from Boston to Hartford, upon which he rode from Boston to Willimantic where he left the train and remained during the night. He testified that on leaving Boston the conductor punched twice the ticket on which the plaintiff was riding, and that he received no stop-over check. On the next morning he was carried from Willimantic to Hartford on the same ticket, and then continued his journey from Hartford on the same train with a different conductor. After leaving Hartford he tendered to the conductor the ticket reading "from Waterbury to Hartford" and the conductor punched it twice and placed it in the back of the seat in front of the plaintiff. At Bristol, a station between Hartford and Waterbury, he left the car and stopped until the next train. Whether he notified the conductor that he wished to stop at Bristol was in dispute. He took the next train for Waterbury and when asked for his fare tendered the same ticket on which he had ridden from Hartford. The conductor declined to accept the ticket on the ground that it had been used all the way between Hartford and Waterbury. This the plaintiff denied, and explained the circumstances, but the conductor refused to accept the ticket and notified the plaintiff that he must pay his fare or the conductor would have him arrested, stating that the ticket would be good if not twice punched, and that it would have been good to stop-off on at Bristol if he had asked for a stop-over check. Several times before arriving at Waterbury the conductor asked for the fare and the plaintiff tendered the ticket and the conductor re-

fused to accept it and said that if the plaintiff would not pay his fare he would have him arrested. The evidence as to the arrest was conflicting. The plaintiff testified that upon the arrival of the train at Waterbury the conductor touched him on the shoulder or arm and said in substance " Come with me," and that the plaintiff went with him to the platform, where the conductor turned him over to a policeman, saying " Take this man in charge."

There was no dispute that Dean, a policeman, arrested the plaintiff without a warrant, and took him to the station house, where he was locked up from one to three hours when he was released on bail, and upon the next day he was arraigned in the city court upon a complaint for fraudulent evasion of fare, upon which he was tried and acquitted.

The conductor in his testimony gave a different account of the arrest from that given by the plaintiff. He denied touching the plaintiff, or beckoning the plaintiff to come with him, and testified that after he had helped the passengers to the platform at the station, the plaintiff was standing at his right, possibly six feet away ; that the plaintiff spoke to him, and said he would go with him ; that the conductor said " all right," he would see if he could find a place for him. " We walked through the depot, and just on the opposite side a policeman was standing, and I spoke to him and I told him that this gentleman refused to pay his fare, and before him I demanded his fare from Bristol to Waterbury. Mr. Dixon says ' And before you I offer this ticket to the conductor for my fare from Bristol to Waterbury.' The policeman took the ticket and looked at it, and said ' That ticket is n't good.' This was stated in the presence of Mr. Dixon. Mr. Dixon said ' Why ? ' and he said, ' Because it is punched.' I asked him for his fare again, and he refused to give it. I told the policeman that I demanded his arrest for his fare from Bristol to Waterbury, which was thirty-seven cents, and that if he would pay the thirty-seven cents, to let him go. The policeman told Mr. Dixon, ' You will have to go with me.' He made some hesitation, but the policeman got him and took him by the arm, and they walked on."

There was evidence of the defendant's rules and customs as to punching tickets, and as to allowing passengers to stop over and

the use of stop-over checks, and also as to whether the defendant was bound to honor tickets issued by the New York and New England Railroad Company, and as to its customs and instructions upon that subject.

Sections 1591, 3541 and 3607 of the General Statutes of Connecticut, making it a penal offence fraudulently to evade payment of a railroad fare, were in evidence, as also section 2002 requiring police officers and others in their respective precincts to arrest without previous complaint and warrant any person for any offence within their jurisdiction, when the offender shall be taken or apprehended in the act or on the speedy information of others.

The first exception argued was to the admission of declarations of Dean that he had arrested the plaintiff for evading his fare, and that he, Dean, heard the conductor in his presence demand fare of the plaintiff at the station and the plaintiff refuse to pay, tendering his ticket. There was evidence that Dean was dead at the time of the trial. The admission of the evidence shows that the presiding judge was satisfied that the declarations were made in good faith and upon Dean's personal knowledge and before the beginning of the suit. Evidence of them was therefore admissible. St. 1898, c. 535. *Brooks* v. *Holden*, 175 Mass. 137.

Another exception was to the reading of certain extracts from the defendant's rules. The rules were admissible in evidence. *O' Laughlin* v. *Boston & Maine Railroad*, 164 Mass. 139, and cases cited. Such rules are not records and are sufficiently identified if it is shown that they are issued by those who conduct the business of a common carrier for the government of its servants. The sufficiency of identification is a question for the presiding judge upon which his finding is conclusive, unless all the evidence is reported and the finding is unwarranted by it. *Gorton* v. *Hadsell*, 9 Cush. 508, 511. *Commonwealth* v. *Russell*, 160 Mass. 8. Here the bill does not purport to state all the evidence upon this question, but does state enough to show that the judge was warranted in his finding, and that the exception must be overruled.

The other exception to the exclusion of evidence has been waived.

The remaining exceptions are to the refusal to give certain requests, and a general exception to a part of the charge set out in the bill.

The first request was " That a ticket which a railroad company sells to a passenger is not a contract between the company and the purchaser, but is only a symbol thereof and a piece of evidence showing what the real contract is."

A railroad ticket may be more than a symbol, and it may not show what the real contract is. The only ticket which was in question was the one, not issued by the defendant, and not sold by the defendant to any one, and bought by the plaintiff of a broker. If all the propositions of the request had been sound in law, to have given it as an instruction upon the evidence as it stood would have tended to mislead the jury, and it was properly refused.

The second request was " That in this case, in view of the testimony given by the president of the road in his deposition, the fact that the ticket offered by Mr. Dixon was accepted by the conductor between Hartford and Bristol and punched by him without objection, and the testimony of the conductor between Bristol and Waterbury that the ticket, if it had not been punched twice, was a good ticket, it becomes a question of fact for the jury whether the possession of said ticket by the plaintiff, purchased by him in good faith, entitled him to a ride between Bristol and Waterbury." This request was refused, and in the part of the charge excepted to the jury were told in effect that as matter of law under the circumstances the ticket was not good for the plaintiff's passage upon that train at that time, and that it was not a ticket that the conductor was obliged to take in payment of fare.

The refusal of the request and the ruling given were right. Upon the undisputed evidence the punching of the ticket twice by the first conductor to whom the plaintiff tendered it after leaving Hartford cancelled the ticket and made it not good for passage upon another train. A passenger may have a right to transportation between certain stations because of his connection with a certain ticket; and yet if the ticket itself is not in order, a conductor is not bound to take it in payment of fare. *Bradshaw* v. *South Boston Railroad,* 135 Mass. 407, 409. *Murdock* v. *Boston*

*& Albany Railroad,* 137 Mass. 293, 297, 298. See also *Coleman*
v. *New York & New Haven Railroad,* 106 Mass. 160, 173, 175,
178. As was said in *Bradshaw* v. *South Boston Railroad, ubi
supra,* it would often be impossible for a conductor to ascertain
and decide upon the right of a passenger except in the usual
simple and direct way. The passenger's right to transportation
is no greater than the right and duty of the conductor to enforce
reasonable rules; and for the time being the passenger must
bear the burden which results from his failure to have a proper
ticket. The present plaintiff was furnished all the transporta-
tion to which he claimed the right, and the questions upon trial
were those growing out of his arrest after he had completed his
journey.

The exception to the refusal of the third request " that under
the law of Connecticut the arrest of the plaintiff by the con-
ductor, if made, or by the police officer as testified to, was an un-
lawful arrest," and also the exception to the refusal of the fourth
request " that under the law of Connecticut it is a question of
fact for the jury to determine whether said arrest was unlaw-
ful or not," have been waived by the plaintiff's brief, upon
the ground that the requests were sufficiently covered by the
charge.

The fifth request " that if the jury find that the conductor
touched the plaintiff upon his person and said to him ' Come
with me', that would constitute an arrest " was given as an
instruction to the jury.

The sixth request was " That the question of the good faith
of the police officer in making the arrest of Mr. Dixon, as testi-
fied to in this case, is not an element to be considered by the
jury in determining the case."

The plaintiff concedes that if the action were against the
police officer he might prove that he acted in good faith and
believed he was doing his duty. But he contends that because
his action is against the railroad company because it caused the
plaintiff to be arrested, the good faith and honest belief of the
police officer were immaterial. Such was not, however, the only
aspect of the case. Upon the evidence introduced on the part
of the defendant there was no arrest by the conductor, and no
direction on his part to the police officer to make the arrest.

The jury could find that the conductor did not himself assault or arrest the plaintiff and that his words and acts were not a direction to make the arrest, but a demand that the officer should exercise the jurisdiction which the statute had given him, and that the officer made the arrest upon his own authority and judgment in view of what he had himself seen and heard. Upon this aspect of the case the good faith of the officer and his belief that a fraudulent evasion of fare had been consummated under his own eyes could not be said to be immaterial.

The seventh and last request was that " This being an action in trespass and the only answer the general issue or denial, the facts of the assault, arrest and imprisonment are the only ones in issue, and any evidence given by the defendant in justification or explanation is allowable only in mitigation of damages." There is no doubt that the defence of a justification is not open under a general denial. *Snow* v. *Chatfield*, 11 Gray, 12. *Levi* v. *Brooks*, 121 Mass. 501, 505. *Cooper* v. *McKenna*, 124 Mass. 284. *Hathaway* v. *Hatchard*, 160 Mass. 296. *Lambert* v. *Robinson*, 162 Mass. 34. Whether the unnecessary allegation in the declaration that the arrest and imprisonment were unlawful made it an issue whether the arrest if proved was unlawful we do not decide. See *St. John* v. *Eastern Railroad*, 1 Allen, 544, 545. The request was properly refused because it was too broad. If the arrest was proved, and at the trial it was conceded, still the evidence given on the part of the defendant was not merely allowable in mitigation of damages. It could be considered upon the question whether the arrest was the act of the police officer alone, and if this explanation of the arrest was found by the jury to be true, it was a defence because the allegation that the wrongs were done by the defendant and its officers and servants were unproved.

The exception to the charge is to a part of it which occupies nearly four printed pages, and deals with different aspects of the case, while the exception is wholly general " to the foregoing instructions." The matters relied on in its support are chiefly those discussed in connection with the specific requests, and as no error was called to the attention of the presiding judge at the trial the exception must be overruled. *Brick* v. *Bosworth*, 162 Mass. 334, 336 and cases cited.

*Exceptions overruled.*