JEREMIAH CROWLEY *vs.* FITCHBURG AND LEOMINSTER
STREET RAILWAY COMPANY.

Worcester. September 29, 1903. — March 2, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Street Railway.*

A rule of a street railway company, operating two connecting lines of railway, re-
quiring a passenger changing from one line to the other to produce a transfer or
pay his fare on the line to which he has changed, is a reasonable rule, which is
binding on a passenger to whom it is known.

A rule of a street railway company, requiring a passenger changing from one of its
lines to another to produce a transfer or to pay his fare on the line to which he
has changed, cannot be waived by the conductor of the car from which the pas-
senger has come or by the conductor of the car to which he has changed.

*Semble,* that it is not within the scope of the employment of the conductor of a
street railway car, without express authority, to procure the arrest of a passenger
on his car, for alleged violation of Pub. Sts. c. 112, § 197, (R. L. c. 111, § 251,) in
fraudulently evading the payment of a fare, or to make a complaint against him
before a magistrate for this offence.

MORTON, J. This is an action of tort to recover damages for
an assault, and for a false and malicious arrest and imprison-
ment. The defendant operates two connecting lines of street
railway on Main and Water Streets in Fitchburg. A passenger
paying his fare on one is entitled to a transfer taking him to his
place of destination on the other. But if he changes from one
line to the other the rules of the company require him either to
produce a transfer or in default thereof to pay fare. The plain-
tiff lived on Water Street and got on to a Main Street car to go
to his home, changing cars at a place called Depot Square. He
offered a twenty dollar bill in payment of his fare. The con-
ductor was unable to change it but told him that he would
change it when he got to Depot Square, and did, taking out the
fare. The Water Street car was waiting and the conductor of
that car shouted to the plaintiff to " hurry up." The plaintiff
turned to the conductor of the Main Street car and asked for a
transfer, but the conductor said "Never mind your transfer," and
shouted to the conductor of the Water Street car, who was about
twenty feet away, to pass the plaintiff, that he was all right and

had paid his fare, and he (the conductor) had not time to give him a transfer. The plaintiff got upon the Water Street car, and an altercation took place between him and the conductor in regard to the payment of his fare. The conductor demanded payment of fare and the defendant refused, saying that he had paid it. The conductor took hold of him by the arm to eject him but desisted on a threat of resistance by the plaintiff. The plaintiff did not pay his fare or produce a transfer, and the conductor called upon a policeman to arrest the plaintiff which he did and took him to the police station where he was admitted to bail. The next morning the conductor made a complaint against the plaintiff, but when the case was called the plaintiff was discharged, no evidence being offered.

The plaintiff offered to show that he had a conversation with one Sargent the superintendent of the defendant company relative to the prosecution of the complaint by the railroad company. There was no statement, if that is material, as to what the conversation was, or what the plaintiff expected to prove by it, and there was no evidence as to the authority of the superintendent except such as might be inferred from the fact that he was superintendent. This offer as well as an offer to show that an officer and employee of the company asked for a continuance of the hearing upon the complaint were excluded and the plaintiff duly excepted. At the close of the evidence the judge directed a verdict for the defendant, and the case is here on exceptions by the plaintiff to this ruling and the rulings in regard to the evidence offered by the plaintiff and excluded.

We think that the rulings were right. The rule that a passenger changing from one line to the other should produce a transfer or pay his fare on the line to which he changed was a reasonable rule and was known to the plaintiff. *Bradshaw* v. *South Boston Railroad*, 135 Mass. 407. The conductor had no right to waive it or disregard it, and the plaintiff not having paid his fare on the Water Street line or produced a transfer from the Main Street line the conductor was acting within his rights and in the performance of his duty in attempting to eject the plaintiff from the car, and was not guilty of an assault in taking hold of the plaintiff's arm for that purpose. It is immaterial whether the conductor of the Water Street car heard what was said to

him by the conductor of the Main Street car or not.   If he did hear it, it was said to him by a conductor whose right to disregard the rules was, so far as appears, no greater than his own, and it gave the conductor of the Water Street car no right to carry the plaintiff without the production of a transfer or the payment, in default thereof, of a fare.

There is nothing to show that it came within the scope of the duty of the conductor of the Water Street car to make a complaint against the plaintiff, or to cause his arrest and detention.   But if it had been within the scope of his duty, or if what he did had been ratified and confirmed by the defendant, the arrest and detention were clearly justified, and therefore the plaintiff was not harmed by the exclusion of the testimony that was offered.   R. L. c. 111, § 251.   *Commonwealth* v. *Jones,* 174 Mass. 401.   *Dixon* v. *New England Railroad,* 179 Mass. 242, 247.   The plaintiff knew that the rules of the road required the production of a transfer or the payment of a fare, and it was an evasion of fare within the meaning of the statute to ride, or attempt to ride, without producing a transfer or paying the fare required in default thereof.   *Commonwealth* v. *Jones* and *Dixon* v. *New England Railroad, ubi supra.*

*Exceptions overruled.*

*J. E. McConnell,* for the plaintiff.
*W. P. Hall,* for the defendant.