THOMAS B. FLYNN *vs.* HENRY S. COOLIDGE.

Suffolk.    March 14, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Evidence*, Declarations of deceased persons.    *Malicious Prosecution.*

To make the declaration of a deceased person admissible under R. L. c. 175, § 66,
the party offering it must satisfy the presiding judge not only that the state-
ment was made in good faith but that it was made before the commencement
of the action, and where this is not clear and no offer is made to show it, the
judge is warranted in excluding the evidence.

In an action for alleged malicious prosecution in causing the arrest of the plaintiff
for larceny after the issuing of a warrant to search the plaintiff's premises, the
defendant, for the purpose of meeting the charge of malice, offered to show
by the police officer who served the search warrant, that after the witness had
searched the plaintiff's premises and had found that most of the articles men-
tioned in the warrant had been returned, the defendant inquired of the witness
whether he ought to continue under the warrant, and also asked the witness's
advice as to whether he should proceed under the warrant.    The evidence was
excluded.    *Held*, that no error appeared in the exclusion of this evidence, as
the defendant's questions to the officer had in themselves no bearing on the issue
of malice and it did not appear what answer the officer made to them.

TORT for alleged malicious prosecution in causing the arrest of the plaintiff for larceny after the issuing of a warrant to search the plaintiff's premises. Writ dated May 17, 1900.

At the trial in the Superior Court before *Bell,* J. the defendant asked for seven instructions to the jury, of which the judge gave the first, fifth and sixth, and refused to give the following :

" 2. There is no evidence that the defendant acted with malice and the plaintiff cannot recover.

" 3. There is no evidence that the defendant ' acted without probable cause and the plaintiff cannot recover.

" 4. If the officer serving the search warrant found on the premises of the plaintiff any of the property of the defendant mentioned in the search warrant, it is presumptive evidence that the plaintiff had probable cause for making the complaint of larceny."

" 7. On all the evidence the plaintiff cannot recover."

The jury returned a verdict for the plaintiff in the sum of $827 ; and the defendant alleged exceptions, that to the refusal of the fourth ruling requested not being argued.

*F. H. Williams,* for the defendant.

*J. J. O'Connor,* ( *W. J. Kelly* with him,) for the plaintiff.

HAMMOND, J. 1. The questions whether there was probable cause and malice properly were submitted to the jury, and the refusal to give the second and third rulings requested was correct. The exception to the refusal to give the fourth ruling requested is not argued by the defendant, and in view of its nature, we consider it waived. We see no error in the manner in which the court dealt with the requests.

2. The plaintiff, who testified that he was a stable keeper, claimed as an element of damage that by reason of the malicious prosecution and the consequent injury to his reputation he had been unable to hire a stable in which to carry on his business and therefore lost the patronage of his former customers. In support of this claim he introduced evidence tending to show that he tried to hire a stable from one McCleary, and that McCleary refused to let it to him, and, when pressed to give his reason, said : " Because Mr. Coolidge had you [the plaintiff] arrested and you are branded as a common thief."

The defendant called as a witness one Griggs, and offered to

show by him that McCleary, who had died before the trial, told the witness that his reason for refusing to let the stable to the plaintiff was that he "objected to having a public stable kept there." The plaintiff was contending before the jury that the defendant's act was the cause of his inability to hire McCleary's stable, and the real reason of McCleary's refusal therefore became material. If McCleary had been a witness he could have testified as to the reason. The statement made to Griggs tended to show that the plaintiff was wrong as to the reason of McCleary's refusal. The defendant contends that it was admissible under R. L. c. 175, § 66, (see *Dixon* v. *New England Railroad*, 179 Mass. 242,) but the difficulty about this is that even if it be assumed that the statement was made by McCleary in good faith, the presiding judge may have failed to find that it was made before the commencement of this action. The offer was to show that the statement was made after the first interview between the plaintiff and McCleary. The plaintiff was arrested on May 5, 1900, and acquitted two days afterwards. The present action was begun on May 17, 1900. In the absence of any offer to show that the statement was made before the commencement of this action, the judge was warranted in excluding the evidence. The offer was not broad enough to bring the statement within the statute.

3. The evidence which was offered to show that after most of the articles named in the search warrant had been returned the defendant asked the police officer whether he, the defendant, ought to continue under the warrant, and also asked the officer's advice as to whether he should proceed under the warrant, was rightly rejected. There is nothing in the questions themselves which bears upon the question of malice, and it does not appear what the answer of the officer was.

*Exceptions overruled.*