MINNIE A. KNAPP *vs.* BRONSON BUILDING COMPANY.

Bristol.   October 24, 1916. — April 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Evidence*, Declarations of deceased persons, Admissions.

The declarations of a deceased person which can be admitted in evidence under R. L. c. 175, § 66, if the presiding judge finds that they were made in good faith before the commencement of the action and upon the personal knowl-

edge of the declarant, are confined to declarations of relevant facts and do not include a declaration of a statement made by a party to the action in the nature of an admission.

TORT for personal injuries resulting from a fall in a dark hallway of an office building owned and controlled by the defendant. Writ dated June 12, 1915.

In the Superior Court the case was tried before *Dubuque,* J. Certain evidence, described in the opinion, was admitted subject to the plaintiff's exception. There was a verdict for the defendant; and the plaintiff alleged exceptions.

*S. P. Hall,* (*W. F. Preston* with him,) for the plaintiff.

*J. T. Swift,* for the defendant.

LORING, J. Against the objection and exception of the plaintiff a witness put upon the stand by the defendant was allowed to testify that he had heard a deceased person say that the plaintiff had made a statement which was in legal effect an admission by the plaintiff that the accident, of which she complains in the action now before us, was the result of her own fault. It is not necessary to state in detail what the deceased said that the plaintiff stated. The defendant contends that the testimony is admissible under R. L. c. 175, § 66.

We are of opinion that it is not.

By the true construction of it, R. L. c. 175, § 66, authorizes the admission in evidence of the statement of a deceased person where the statement concerns a fact of which the deceased had personal knowledge. But we are of opinion that this act does not authorize the admission in evidence of a declaration of a deceased person that a party to a cause had made an admission against his interest.

The case which the Legislature had in mind when it enacted that statute is the case first put above, namely, where the declarant had personal knowledge of a relevant fact and stated the fact and the statement was made in good faith before the commencement of the action. R. L. c. 175, § 66, takes away some of the safeguards which the common law imposed upon the admission of testimony to protect the party against whom the testimony is directed from error and falsification. There is a material difference in the chances of possible error and falsification in case a party undertakes to put in evidence not the statement of a person who knew a fact but the statement of a person that he had heard a party make

a statement which was an admission. The statute should not be construed to go beyond the cases plainly within the contemplation of the Legislature.

It is the contention of the defendant that the case of *Dixon* v. *New England Railroad,* 179 Mass. 242, is a decision in its favor on this point. There is no ground for that contention. In that case the plaintiff sued for an assault, unlawful arrest and imprisonment, and he was allowed to put in evidence the declaration of a police officer, since deceased, that he had arrested the plaintiff for evading his fare and that he heard the conductor demand the fare and the plaintiff refuse to pay tendering his ticket. These were facts.

The entry must be

*Exceptions sustained.*