PHILOMENA CRUDO vs. GEORGE B. MILTON (afterwards HENRY
S. MILTON & another, executors).

Suffolk.    May 19, 1919. — June 23, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant*, Landlord's liability to member of tenant's family, Common
passageway. *Negligence*, Of one controlling real estate. *Evidence*, Competency.

In an action of tort against the owner of a certain tenement by the wife of a tenant
for personal injuries, received when the plaintiff was passing through a cellar to
go to a water closet and caused by the falling upon her of the flooring and beams
which comprised the ceiling of the cellar, there was evidence tending to show
that the water closet was used by all the tenants in the building and that the
cellar was a common passageway to and from it, that the flooring which fell
was the floor of a room occupied by a tenant as a barber shop, that the timber
had become rotten and unsafe due to a leak in a sink in the barber shop, and that
this condition had been called to the attention of the defendant's agent about a
month and a half before the accident. *Held*, that there was evidence warrant-
ing a finding that, through negligence of the defendant, the flooring above the
cellar had become unsafe and dangerous and not in as good a condition as it was
or appeared to be in when the plaintiff's husband became a tenant, and that a
verdict for the plaintiff was warranted.
At the trial of the action described above, testimony of the agent in charge of the
premises for the defendant, to the effect that after the accident he repaired
the beams and flooring of the cellar, was *held* to have been admitted properly
as tending to show that the defendant had control of the cellar, that being a
matter in dispute.

TORT for personal injuries alleged to have been suffered by the
plaintiff when passing to a water closet through a cellar, used in
common by the tenants of a building, owned by one George B.
Milton, originally the defendant in the action. Writ dated
January 5, 1917.

In the Superior Court the action was tried before *Fessenden*, J.
The evidence and certain exceptions to testimony of the de-
fendant's son are described in the opinion. At the close of the
evidence, the defendant asked for rulings, in substance that the
plaintiff was not entitled to recover and that the defendant was
entitled to a verdict. The rulings were refused. The jury found
for the plaintiff in the sum of $1,500.

Subsequently to the verdict the defendant died, and the executors of his will were admitted to defend the action in his stead. They alleged exceptions.

The case was submitted on briefs.

*J. J. Higgins,* for the defendants.

*R. W. Frost & M. B. Breath,* for the plaintiff.

CROSBY, J. It is admitted that the defendants' testator was the owner of the tenement house in which the plaintiff received the injuries for which she seeks to recover. A part of the house was hired by the husband of the plaintiff from the defendants' testator on or about July 1, 1916, and was occupied by them at the time of the accident on November 26, 1916. An extension had been added to the front end of the house as originally constructed, in which, at the time of the accident, there were two shops, one occupied by a barber and the other by a furniture dealer. There was a room about eight by ten feet in size in the rear of the barber shop, occupied by that tenant, and a small hall opened upon the cellar stairs; there was another flight of stairs which led to the second floor. The plaintiff's husband hired three rooms on the second floor and two rooms in the attic. There was evidence that another tenant occupied other rooms in the house.

The undisputed evidence showed that there was but one water closet in the house and that it was located in the cellar. The plaintiff's husband testified that he was to have the same use of the cellar that the other tenants had; that he kept his coal and wood there; and that he and his family and the other tenants used the water closet. The plaintiff testified that she descended the cellar stairs to go to the water closet, and when a short distance from the foot of the stairs, a portion of the timbers supporting the floor of the small room connected with the barber shop fell upon her, causing the injuries for which she seeks to recover.

The defendants contended and offered evidence to show that the water closet in question was used only by the plaintiff's husband and his family; and that no other tenant had the right to use it. The jury were not bound to believe this testimony, but could have found that it was for the use of all the tenants in the building; and that the stairway leading to the cellar and the cellar itself remained in the control of the landlord, who permitted the

tenants to pass over the stairs and through the cellar as the only means of access to the only water closet on the premises. Upon such findings the landlord owed the plaintiff the duty of exercising reasonable care to keep the stairs and cellar in as safe a condition for the intended use as they were or appeared to be in at the beginning of the tenancy. The floor which fell upon the plaintiff was not a part of the premises leased to the plaintiff's husband.

There was ample evidence to show that the joists and timbers which supported the floor that fell were water soaked and decayed, and that this condition was caused by a leaky sink in the room occupied by the barber; that the beams that broke "looked wet and rotten." Upon this evidence it is manifest that the timbers and joists which fell could have been found to have been unsafe and dangerous, and not in as good condition as they appeared to be in when the tenancy of the plaintiff's husband began. There was evidence for the jury of the defendants' negligence. *Shea* v. *McEvoy,* 220 Mass. 239. *Fitzsimmons* v. *Hale,* 220 Mass. 461. *Oles* v. *Dubinsky,* 231 Mass. 447.

The plaintiff, as the wife of the tenant and a member of his family, may recover for the negligence of the landlord. *Domenicis* v. *Fleisher,* 195 Mass. 281, 283. It could not have been ruled that she was not in the exercise of due care. St. 1914, c. 553.

The testator's son, who had charge of the premises for about twelve years before the accident, was called as a witness by the plaintiff and was allowed to answer the following question: "After November 26, 1916, did you do any repairing to these beams or floors, or any timbers of the cellar?" This question was admitted as tending to show who was in control of the cellar, the defendants contending that it was not in their control; for that purpose it was competent, and the exception thereto must be overruled. Without referring in detail to the other exceptions taken to the admission and exclusion of evidence, we find no error.

The request that on all the evidence the plaintiff was not entitled to recover, could not properly have been given for the reasons stated.

*Exceptions overruled.*