FRANK A. CROWE, administrator, *vs.* HENRY M. BIXBY.

MARY CROWE *vs.* SAME.

Essex.   December 8, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant,* What constitutes relation, Repairs.   *Contract,* Construction.   *Frauds, Statute of.*

In an action under R. L. c. 171, § 2, as amended by St. 1907, c. 375, by the administrator of the estate of a tenant against an alleged landlord for causing the death of the plaintiff's intestate by negligently permitting the premises to be in an unrepaired condition, it appeared that the premises were let to the tenant in 1899, that then and until 1911 the record title to the property was in the name of the defendant's wife, and that since 1911 the title had been in the name of the defendant; and there was evidence tending to show that during the entire period of the tenancy the defendant "was the person who was dealt with in regard to the hiring of the place," and that the tenant "did not know of any other person in connection with the place" excepting the defendant, that the defendant managed and controlled the premises, collected the rents, gave receipts therefor signed with his name, made repairs and was on the premises every week before the accident.   There was no evidence that the tenant had dealings with any person other than the defendant in connection with the tenancy.   *Held,* that a finding was warranted that the relation of landlord and tenant existed between the defendant and the tenant.

Where the language of a contract is open to doubt and the parties to it have adopted and have acted upon a particular construction, such construction will be considered as of great weight in an action wherein the construction of the contract is necessary, and usually will be adopted by the court.

At the trial of the action above described, there was evidence tending to show that the tenant had spoken to the defendant "and hired the tenement . . . and that he [the defendant] had agreed to keep the place in repair and safe to live in " and that the defendant from time to time had made repairs without notice from the tenant.   *Held,* that the evidence warranted a finding that the defendant had agreed to keep and maintain the premises in a condition of safety on his own responsibility and without reference to notice from the tenant of defective condition.

At the trial of the action above described, there was evidence tending to show that the supporting posts and timbers of a piazza, which was part of the premises let, were so decayed that the piazza was in an unsafe and dangerous condition, that no repairs had been made upon them since 1900, and that in 1918, while the tenant and a guest were upon the piazza, the supports gave way and it fell.   *Held,* that a finding was warranted that the defendant failed to exercise reasonable care to keep the piazza in a safe condition for the uses for which it was intended.

An oral agreement providing for the letting of real estate by a tenancy at will and for repairs to be done by the landlord without notice from the tenant of their need, upon entry into occupancy by the tenant, becomes binding upon both parties, and an action of tort under G. L. c. 229, § 5, against the landlord by the administrator of the estate of the tenant to recover for the causing of the death of the tenant resulting from the premises being negligently permitted to become unrepaired and defective is not barred by the statute of frauds, G. L. c. 259, § 1, cl. 4.

TWO ACTIONS OF TORT, the first action being by the administrator of the estate of Margaret E. Crowe for the causing of the conscious suffering and the death of the decedent through the falling of a piazza upon premises let to her by the defendant, alleged to have been due to a defective condition which was permitted to exist by reason of negligence of the defendant; and the second action being for personal injuries received by a guest of the plaintiff's intestate who was injured by the same accident. Writs dated, respectively, September 10 and September 9, 1918.

The actions were tried together before *Keating*, J. Material evidence is described in the opinion. At the close of the evidence the defendant moved that verdicts be ordered in his favor. The motions were denied. The jury found for the plaintiff in the first action in the sum of $5,000, and for the plaintiff in the second action in the sum of $1,500, and, by agreement of the parties, the judge reported the actions to this court for determination, with the following stipulation: "If the cases were rightly submitted to the jury solely in so far as the issue of liability of the defendant was concerned, judgment was to be entered upon the verdicts; otherwise, judgment was to be entered in both cases for the defendant. The simple issue presented by this report is as to the liability of the defendant upon the . . . evidence [described in the report], which was all the material evidence introduced at the trial upon the question of liability."

· *J. J. Ronan*, (*T. J. Casey* with him,) for the plaintiffs.

*W. A. Pew*, for the defendant.

CROSBY, J. The first action is brought by the administrator of the estate of Margaret E. Crowe to recover for her death and conscious suffering caused by the falling on July 14, 1918, of a piazza, which was a part of the premises let to her by the defendant. The second action is brought to recover for personal injuries received in the same accident by the plaintiff, Mary A. Crowe, who

was the daughter-in-law of the intestate and was visiting her on July 14, 1918, the date of the accident. By the terms of the stipulation recited in the report, judgment is to be entered on the verdicts, if the cases were rightly submitted to the jury on the issue of liability of the defendant.

The tenement occupied by Margaret E. Crowe, the intestate, was on the second floor of a three-story house, attached to the rear of which were piazzas, the one which fell being a part of the premises let to Mrs. Crowe. Both women were on the piazza when a supporting post and stringers, owing to their decayed and weakened condition, gave way and they were thrown to the ground. When the premises were let to the tenant in 1899 and until 1911, the title to the property stood in the name of the wife of the defendant; since 1911 it has been owned by him.

Annie T. Crowe, a daughter of the intestate, was called as a witness and testified that she and her mother lived in the tenement from 1899 up to the time of the accident in 1918, that the defendant "was the person who was dealt with in regard to the hiring of the place; that she did not know of any other person in connection with the place, or the hiring thereof, with the exception of Mr. Bixby." There was evidence that the defendant managed and controlled the premises, collected the rents, gave receipts therefor, signed with his own name, made the repairs, and was there every week before the accident; there was no evidence that the tenant had dealings with any person other than the defendant in connection with her tenancy. On this evidence the jury would have been warranted in finding that the relationship of landlord and tenant existed between the parties; in determining this question the actual ownership of the premises is only one element to be considered. *Lindsey* v. *Leighton*, 150 Mass. 285.

The witness further testified that just after they moved into the tenement her mother told her "that she had spoken to Mr. Bixby and hired the tenement for twelve dollars a month, and that he had agreed to keep the place in repair and safe to live in." This evidence was not objected to and was admissible under R. L. c. 175, § 66, if, as we assume the presiding judge found, as preliminary facts, that the declaration was made in good faith and upon the personal knowledge of the declarant. There was no evidence that the intestate ever requested the defendant to

make repairs, but it is conceded that repairs were made by him on the outside and inside of the building and in the cellar. Miss Crowe also testified that her mother a number of times referred to the defendant's agreement to keep the place in repair and safe to live in, when he failed to make repairs, and at such times "often spoke of it."

It is the contention of the plaintiffs that the agreement of the defendant was an absolute promise to keep the premises at all times during the tenancy in safe condition for occupancy; and of the defendant, that under the agreement he did not assume constant responsibility for the condition of the premises as to safety at all times, but that the agreement properly construed goes no further than to require him to make repairs on notice from the tenant, or when a defect came under his observation. Whether he assumed the onerous undertaking which the plaintiffs contend he entered into, can only be correctly determined by a careful examination of the language used, in view of the attendant circumstances.

The different kinds of relations between landlord and tenant arising out of oral contracts establishing a tenancy at will are fully discussed and explained in the recent case of *Fiorntino* v. *Mason*, 233 Mass. 451. It is there pointed out that such relations may be divided into three general classes: "First. The ordinary oral contract for tenancy at will without further agreement. . . . Second. The parties may agree that the landlord shall make necessary repairs during the tenancy and thus vary the rights and obligations implied by the law as part of the ordinary relation of tenancy at will. An agreement to repair as a part of the letting is an agreement to make repairs on notice. . . . Third. The parties may make a still different agreement to the effect that the landlord shall keep and maintain the premises in a condition of safety on his own responsibility and without reference to notice from the tenant of defective conditions, and by virtue of the agreement for letting shall have and constantly retain such possession of the premises as is necessary for that purpose."

We are of opinion that the agreement by the defendant "to keep the place in repair and safe to live in" was an undertaking on his part to keep the premises in repair on his own responsibility, without notice from the tenant of defective conditions

and without a request to him to make such repairs. There is nothing in the agreement to modify or limit the absolute promise so made; on the other hand there was evidence that after the tenancy commenced the tenant knew and relied on the promise, and that the defendant in making repairs from time to time without notice from the tenant assumed that he was bound by the contract of letting. It could have been found that repairs were made by him without notice from the tenant because he was bound by his agreement to do so. He testified that "he collected the rents and did whatever was necessary . . . that Mrs. Crowe nor any member of her family ever called his attention to any repairs necessary." Where the language of a contract is open to doubt and the parties to it have adopted and acted upon a particular construction, such construction will be considered as of great weight by the court and will usually be adopted by it. *Winchester* v. *Glazier*, 152 Mass. 316, 323. *Nash* v. *Webber*, 204 Mass. 419, 424. *Fitzsimmons* v. *Hale*, 220 Mass. 461. *Gallagher* v. *Murphy*, 221 Mass. 363, 365.

The evidence warranted a finding that the relations of the parties were those set forth in the third class in the decision in *Fiorntino* v. *Mason, supra*. *Miles* v. *Janvrin*, 196 Mass. 431; 200 Mass. 514. The case at bar is clearly distinguishable in its facts from *Fiorntino* v. *Mason*. In that case the landlord agreed to put the premises in good condition and safe; it also plainly appeared from the evidence that he was to keep the tenement in good repair and safe only as his attention was called to defects by the tenant, or if from his own observation he discovered defects; while in the case at bar, it could not have been ruled that the defendant under the agreement assumed only the obligation to make repairs required of a landlord respecting common stairs and passageways. *Looney* v. *McLean*, 129 Mass. 33. *Wilcox* v. *Zane*, 167 Mass. 302. *Nash* v. *Webber, supra*.

There was evidence of negligence of the defendant in failing to make repairs upon the piazza; photographs which were introduced at the trial, and which are before us, show that the supporting posts and timbers were so decayed that the piazza was in an unsafe and dangerous condition. There was other testimony to the same effect. Also, that no repairs had been made upon it since Margaret E. Crowe became a tenant in 1899. The defective con-

dition was undoubtedly due to its age and exposure to the elements, and made its use increasingly dangerous with the lapse of time, — a condition which could readily have been discovered upon examination. There was sufficient evidence to warrant a finding that the defendant failed to exercise reasonable care to keep the piazza in a safe condition for the uses for which it was intended. *Looney* v. *McLean, supra. Wilcox* v. *Zane, supra.*

If, as the jury could have found, under the contract, the defendant retained such possession and control of the premises as was necessary to make needed repairs, he was bound to keep them in a reasonably safe condition to the same extent as he was obliged to do so in the case of those parts of the building used in common by the tenants. *Miles* v. *Janvrin, supra. Fitzsimmons* v. *Hale, supra. Shea* v. *McEvoy*, 220 Mass. 239. *Crudo* v. *Milton*, 233 Mass. 229. *Fiorntino* v. *Mason, supra*, at page 455.

The defendant has not argued that the statute of frauds is a defence to these actions, although it is pleaded in the answers. It is sufficient to say that the statute is not applicable to a case like the present. Where a tenant enters into the occupancy of premises under an oral lease, a tenancy at will is created. R. L. c. 127, § 3, and the terms of the oral agreement creating the tenancy at will are binding on both parties to it. *Flanagan* v, *Welch*, 220 Mass. 186, 189, 190.

In accordance with the terms of the report, the entry must be

*Judgment on the verdicts.*