JESSIE G. TENNEY, administratrix, *vs.* ERNEST FOSS, executor.

Essex.   May 15, 1929. — June 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Evidence,* Declaration of deceased person.

At the trial of an action of contract, begun by a man and, after his death, prosecuted by his wife as the administratrix of his estate, against the executor of a will to recover the value of services alleged to have been rendered by the plaintiff's intestate to the defendant's testator, the provisions of G. L. c. 233, § 65, made admissible testimony by the plaintiff that her husband, before the bringing of the action, had said to her in the presence of others that the defendant's testator had said to him at a time when it was alleged that he was rendering services to such testator: "I will see that you get your pay later, and that you will be well paid for all these things you are doing for me now, and what you do, when I am through with it."

CONTRACT, begun by George R. Tenney, to recover $7,280, the value of personal services alleged to have been rendered from September, 1907, to September, 1914, to Clara A. Burley, the defendant's testatrix, upon her oral

promise to pay a fair price therefor "at her death," which occurred on June 2, 1925. Writ dated March 5, 1926.

On April 6, 1928, Jessie G. Tenney, administratrix of the estate of George R. Tenney, was allowed to appear as plaintiff and prosecute the action.

In the Superior Court, the action was tried before *Qua,* J. Material facts are stated in the opinion. There was a verdict for the plaintiff in the sum of $8,430.34, of which the plaintiff, under order of court, remitted all in excess of $5,000. The defendant alleged exceptions.

*R. E. Burke,* for the defendant.

*J. W. Sullivan,* for the plaintiff.

CROSBY, J. This is an action of contract originally brought by George R. Tenney against the executor of the will of Clara A. Burley, who died before this action was begun. While the action was pending, the plaintiff died, and it was thereafter prosecuted by his widow, Jessie G. Tenney, who is the administratrix of his estate. At the trial, she was permitted to testify, subject to the defendant's exception, that before this action was brought her husband had said to her, in the presence of others, that Clara A. Burley, with whom the alleged contract was made, had said to him at a time when it was alleged that he was rendering services to Mrs. Burley: "I will see that you get your pay later, and that you will be well paid for all these things you are doing for me now, and what you do, when I am through with it." The jury returned a verdict for the plaintiff.

The only question of law presented by the record relates to the admission of the foregoing testimony respecting payment for services rendered, which the plaintiff seeks to recover in the present suit. G. L. c. 233, § 65, provides that "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant." The record does not expressly state that such findings were made by the trial judge, but it is plain therefrom that he found that the declaration was made in good faith, before the commencement of the action, and upon the personal knowledge of the declarant.

The defendant bases his objection "on the ground that the answer called for statements made by one deceased person of what another deceased person had said to him." It was held in *Dickinson* v. *Boston*, 188 Mass. 595, 597, "While a preliminary finding of the good faith of the declarant by the court is required before such declarations can be received, this judicial action is to be inferred from the admission of the evidence itself where the exceptions fail to state that the inquiry was not made." See also *Sylvester* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 148, 152; *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391; *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, 404. The statute is to be liberally construed. It is plain that if Tenney, during his lifetime, had been called as a witness, he could have testified to what the declarant told him. *Crosby* v. *Mutual Benefit Life Ins. Co.* 221 Mass. 461, 464. Declarations of deceased persons to be admissible under the statute must be made not only in good faith, but "upon the personal knowledge of the declarant." They "must be derived from the exercise of the declarant's own senses as distinguished from opinions based upon data observed by him or furnished by others." *Little* v. *Massachusetts Northeastern Street Railway*, 223 Mass. 501, 504.

In *Dixon* v. *New England Railroad*, 179 Mass. 242, a witness testified that one Dean, a police officer, had stated that he had arrested the plaintiff for evading his fare, and that he (Dean) had heard the conductor in his presence demand fare of the plaintiff and that the plaintiff refused to pay. There was evidence that Dean was dead at the time of the trial. It was held that the declaration was made in good faith and upon Dean's personal knowledge and therefore was admissible. The words of the conductor constituted the material facts respecting which the declaration was made. The following cases also are analogous in principle to the question presented in the case at bar, and hold that the declarations there admitted were competent under the statute. *Worcester* v. *Cook*, 220 Mass. 539, 541, 542. *Crowe* v. *Bixby*, 237 Mass. 249, 251. *New York Central Railroad* v. *Central Vermont Railway*, 243 Mass. 56. In the case last cited it was

held that certain reports made by the president of a railroad corporation, afterwards deceased, to its directors were admissible on the ground he was reciting facts and making recommendations about matters which he was personally negotiating.   It is obvious in the case at bar that Tenney was reciting facts to his wife which were within his personal knowledge, when he informed her of Mrs. Burley's conversation with him.

The defendant relies upon the cases of *Knapp* v. *Bronson Building Co.* 226 Mass. 416, and *Dow* v. *Dow,* 243 Mass. 587, in support of his contention that the declarations of Tenney were inadmissible under the statute.   Both of those cases are distinguishable in their facts from the case at bar.   In the first case the evidence offered was that of a witness who testified that he had heard a deceased person say that the plaintiff had made a statement which was in the nature of an admission.   It was held that this evidence was inadmissible, but it does not appear that the deceased declarant had any personal knowledge of the facts concerning which the admission was made.   In *Eldridge* v. *Barton,* 232 Mass. 183, it was held that an admission of fault on the part of the deceased himself was admissible under a count for conscious suffering.   *Dow* v. *Dow, supra,* was a writ of entry to recover certain lands which the demandant contended he owned in fee.   He offered to show by a witness that Melvin Dow's sister, who had died before the action was brought, told the witness he had paid the demandant all he owed him on account of the woodland. It was held that the evidence was rightly excluded; that the declaration was not of a fact within the personal knowledge of the declarant but was hearsay.   In other words, it was excluded not only because it was a declaration of a deceased person to a deceased person, but because the declarant did not know of her own knowledge that the payment had been made.   See also *O'Driscoll* v. *Lynn & Boston Railroad,* 180 Mass. 187; *Daw* v. *Lally,* 213 Mass. 578.

In the present case the declarant Tenney heard the statement of Mrs. Burley which constituted the parol contract declared upon.   If living, he could have testified to the conversation he had with her during which she promised to

pay him for his work.    The testimony of the plaintiff, therefore, was admissible under the statute to prove the contract under which she seeks to recover.    *Crowe* v. *Bixby, supra.*

*Exceptions overruled.*