WILLIAM C. BRADLEY *vs.* JAMES W. QUINN, City Treasurer.

FEBRUARY 10, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of the case in assumpsit brought to recover for services alleged to have been rendered the city of Woonsocket and for disbursements in connection with these services. At a previous hearing before us— *Bradley* v. *Follett, C. T.,* 147 Atl. 757—a new trial was ordered because the trial court had erroneously directed a verdict for the defendant. Before the second trial William C. Bradley died and the action was prosecuted by his widow as administratrix of his estate. At this trial the jury rendered a verdict for plaintiff for $3,658.84. The case is before this court on the defendant's exceptions: to the denial of his motion for a directed verdict; to portions of the charge to the jury; to the admission and exclusion of testimony and to the denial of his motion for a new trial.

In the Spring of 1925 the city council of Woonsocket by resolution authorized the mayor to appoint a committee to consider the problem of increasing the city water supply, and five city councilmen were duly appointed thereto. In January, 1926, they were directed by said council to obtain

options for the purchase of certain land known as "Cranberry Meadow," a large portion of which was owned by plaintiff and one Eugene Tessier as tenants in common, who offered the city an option for the same for $60,750. City engineers advised the purchase of additional land for flowage, and at the request of the committee—which agreed that plaintiff would be paid for his time, labor and expense—plaintiff obtained options on this land for the price of $9,500 and turned them over to the city free of charge. The city council accepted the terms of these options and passed two resolutions appropriating the necessary funds. Conveyances were made and grantors paid accordingly.

In June, 1926, plaintiff filed with the common council a claim for $3,393.18 for services and disbursements in obtaining the options for the additional land, including payment for the services of an engineer. He claimed that when the special committee engaged him they authorized him to render these services and to incur these expenses. The joint standing committee on finance thereafter recommended payment of his claim, and a resolution passed both the common council and board of aldermen but was vetoed by the mayor. A motion to override the veto failed of passage.

The jury, in addition to bringing a general verdict for plaintiff, found specially certain facts which may be summarized as follows: that William C. Bradley undertook to do this work and make these expenditures at the request of the Special Water Committee; that the city council and the mayor knew he was so engaged and ratified the engagement, and that they adopted the benefits of his work with knowledge of the fact that he had a bill for his labor and disbursements.

In its previous opinion—*Bradley* v. *Follett, C. T., supra,*—this court, in sustaining exceptions to the direction of a verdict for defendant, said: "There is evidence that the city got the land it wanted by exercising the options secured by the plaintiff and that the city council acted with full

knowledge of the facts and of plaintiff's claim that he was to be paid a reasonable sum for his services. The city council could ratify the action of the committee and thereby remedy the existing lack of authority in the committee. Whether or not there was a contract of employment and, if so, a ratification thereof, are questions of fact for a jury. The direction of a verdict for the defendant was error."

The record discloses ample evidence to support both the general verdict and the special findings. The trial justice by his denial of defendant's motion for a new trial has approved the verdict and as we find no error in this ruling the exception thereto is overruled.

Defendant's exceptions to the denial of his motion for a directed verdict and to the charge of the court are based upon the court's refusal to disregard the law applicable to this action as enunciated in our previous opinion and to rule that the contract relied upon by plaintiff could not be ratified by the defendant. As in the second trial the case was tried upon the same issues and substantially the same evidence as in the first trial, the trial court properly followed the law which this court had applied to the case. These exceptions are overruled.

Among his exceptions to rulings on evidence, defendant objects to the admission of testimony by plaintiff's widow as to what plaintiff told her concerning facts upon which his contract is based in the present action, such as his conference with the water commissioners. This testimony was admitted under Chapter 1048, Public Laws 1927, amending Chapter 342 of the General Laws, as follows: "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

This statute is identical with the Massachusetts statute—Mass. Gen. Laws, Chap. 233, Sec. 65. In *Tenney* v. *Foss*, 268 Mass. 69, a recent Massachusetts case resembling the case at bar, the plaintiff died while the action was pending;

the case was prosecuted by his widow as administratrix of his estate, and she was permitted—under the statute above cited—to testify that before the action was brought her husband had told her that the party with whom the alleged contract was made had stated to him: "I will see that you get your pay later and that you will be well paid for all these things" etc. The jury returned a verdict for the plaintiff. The appellate court, after quoting the statute, said: "The statute is to be liberally construed. . . . It is obvious in the case at bar that Tenney was reciting facts to his wife which were within his personal knowledge when he informed her of Mrs. Burley's conversation with him. . . . The declarant Tenney heard the statement . . . which constituted the parol contract declared upon. If living he could have testified to the conversation he had with her during which she promised to pay him for his work. The testimony of the plaintiff, therefore, was admissible under the statute to prove the contract under which she seeks to recover."

The testimony excepted to in the instant case is very like that in the case above cited, and was properly admitted. The further objection that Mrs. Bradley's testimony was a repetition of a portion of the testimony her husband gave at the previous trial, stenographic reports of which were introduced in the present trial, is without merit, as the statute does not by its terms prohibit such duplication of the deceased as a post mortem witness. .. See *Weeks* v. *Boston Elevated Ry. Co.*, 190 Mass. 563.

Defendant, after reading into the record certain ordinances or portions of ordinances, offered in evidence certified copies of the same. The court ruled that the ordinance or ordinances were sufficiently before the court and jury, and refused to admit such copies, to which ruling the defendant excepted. The court committed no error in so ruling. The ordinances were sufficiently in evidence without the certified copies, and their exclusion could not prejudice defendant's case; hence the matter is not ground

for reversal. In *LaFrance* v. *Moquin*, 49 R. I. 151, this court said: "All the charges contained on the sheet had been testified to orally without objection. . . . Moreover, the exclusion was not injurious to plaintiff because all charges on the sheet were in evidence." The exception to such exclusion is overruled.

Defendant's motion for a new trial on the ground of excessive damages is without merit. He does not urge the point in his brief beyond its statement, and the amount appears to have been but little greater than the sum contained in the resolution which passed both the common council and the board of aldermen. As a large portion of the amount is for disbursements and expenses, the balance is not unreasonable as compensation.

All defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*John R. Higgins*, for plaintiff.

*John J. Mee, City Solicitor of Woonsocket*, for defendant.